CASAR v. SARGEANT.

Before an attorney gives notice to the adverse party of his lien for fees upon money due his client, as contemplated by section 1816 of the Code, and in the absence of collusion between the parties to a suit, it is entirely competent for them to settle without reference to the claim of the attorney for his fees.

Where after the commencement of a suit, the parties settled, and plaintiff executed to defendant a receipt in full, and in writing authorized and empowered his attorney to discontinue the action; and where when the case was called for trial, the defendant offered in evidence the receipt and written authority to discontinue the suit, to which the attorney for the plaintiff objected, upon the ground that it had been executed after

Casar v. Sargeant.

the commencement of the suit, without his knowledge or consent, which objection was sustained; *Held*, That the court erred in rejecting the evidence.

*Appeal from the Floyd District Court.*

FRIDAY, DECEMBER 10.

Plaintiff sues upon a promissory note, and for money due upon an account for goods sold, &c. After the commencement of the suit, the parties settled, and plaintiff executed to defendant a receipt in full, and, in writing, authorized and empowered his attorneys to discontinue the said action. The case was called for trial, and defendant produced this receipt, and written authority to the attorneys of plaintiff, in evidence. The attorneys of plaintiff objected to it, upon the ground that it had been executed after the commencement of the suit, without their knowledge or consent. This objection was sustained, the court ruling that the parties could not settle without the consent of their attorneys, unless their fees in said cause was first paid. Judgment for plaintiff, for the full amount claimed in his petition, and defendant appeals.

*Wiltse & Fairfield*, for the appellant.

WRIGHT, C. J.—In rejecting the evidence offered, the court erred. By the Code, section 1618, it is provided that an attorney had a lien for a general balance of compensation, upon any papers of his client, which have come into his possession in the course of his professional employment; upon money in his hands, belonging to his client; and upon money due to his client, and in the hands of the adverse party, in an action or proceeding in which the attorney was employed, "from the time of giving notice of the lien to the party." Before such notice, in the absence of collusion between the parties, it is entirely competent for them to settle, without reference to the claim of the attorney for his fees.

Judgment reversed.