## WILCOX v. McCUNE.

1. **Practice:** STANDING UPON DEMURRER. It is necessary for the plaintiff, if he would make his exception to the overruling of a demurrer to the answer available, to announce to the court and have an entry upon the record, or to take a bill of exceptions, showing that he elected to stand upon the demurrer.

2. **New trial:** INSTRUCTION: EVIDENCE. When the refusal to give an instruction asked by a party may have been based upon the ground that it was not pertinent to any evidence before the jury, and the evidence is not set out in the record, the Supreme Court will not disturb the finding below.

3. —— INSTRUCTIONS. The Supreme Court will not review instructions given to the jury by the court below when the record does not show that exceptions were taken thereto.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 17.

ACTION of replevin for a Johnson county bounty fund warrant of one hundred dollars. Trial to a jury; verdict

and judgment for defendant, and plaintiff appeals. The further necessary facts will be found stated in the opinion.

*J. D. Templin & Son* for the appellant.

*Edmonds & Ransom* for the appellee.

COLE, J.—The petition of the plaintiff is in the usual form, and sets out the manner in which plaintiff claims to have acquired the title to the warrant in controversy. The return on the writ shows that the warrant itself was not replevied, but was kept by defendant, who refused to give it to the officer serving the writ. The defendant, in his answer, admits the existence of the warrant and its value, but denies that plaintiff is the owner, or entitled to the possession of it. And, in a second count of the answer, it is averred that the warrant was formerly owned by a partnership, composed of the plaintiff and the defendant, and that defendant bought out all the interest of the plaintiff in the partnership property, including the warrant, whereby defendant became the owner of it. And, in a third count, it is stated that the plaintiff handed the warrant to the defendant, and requested him to pay the plaintiff's taxes in Johnson county; that defendant went to pay the taxes, and finding that he could not do so with the warrant, the defendant paid the same with his own money, to an amount greater than the warrant (stating it), and he claimed to retain the warrant until the amount paid for taxes was repaid him.

1. PRACTICE. standing upon demurrer.

The plaintiff demurred to the last count, because, if the defendant paid plaintiff's taxes in money, instead of the warrant, he did so without authority, and cannot, therefore, retain the warrant as indemnity. This demurrer was overruled, and plaintiff excepted. The cause was

then tried to a jury, upon all the issues made by the pleadings, and the denial, &c., as made by the statute.

The plaintiff now assigns in this court as one of the errors of the court below, the overruling of his demurrer. This error, if there was any, cannot now be made available by the plaintiff, since he has, by his failure to stand upon his demurrer, waived any error ·in the ruling thereon. Our statute provides that " the allegations of new matter in the answer, not relating to a set-off, counter claim or cross demand, or of new matter in a reply, is to be deemed controverted by the adverse·party, as upon a direct denial or avoidance as the case may require." Rev. of 1860, § 2917. It was necessary for the plaintiff, in order to make his exception to the overruling of his demurrer available, to announce to the court, and have entered upon the record, or preserve the same by bill of exceptions, that he elected to stand upon his demurrer. By so doing he waives the denial or avoidance by the statute, and relieves the adverse party from proving the averments of the pleading thus admitted by the demurrer.

To allow a party in such case to simply except on the record, and then require the adverse party to prove the averments of his pleading, would be giving to the demurring party, an advantage of the denial or avoidance made by the statute, without any possible·peril to himself—an advantage he does not have when the pleading is made in fact by the party. To entitle a party to the benefit of an exception to the action of the court in sustaining or overruling a demurrer, he must stand by his pleading or demurrer. And this is just as true in the instances where the law makes the subsequent pleading, as where, by law, the party must make it himself. If he makes it himself, or allows the law to make it, he thereby waives the right to insist upon his exception to the ruling of the court in that particular.

Take this case as an illustration of the rule as stated. The plaintiff demurred to one count of the answer; the demurrer was overruled, and plaintiff excepted.. The law put in the denial and compelled the defendant to prove the averments of that count to the jury, who found thereon for the defendant.· Now, the plaintiff, after he has had the benefit of a jury trial, seeks to go back and take the benefit also of his demurrer. He cannot have both at once; he may have one, and he may choose which; but if he chooses to stand by his demurrer he must take the consequences thereof, one of which is an admission of the truth of every well pleaded fact, and this admission, of course, obviates the necessity of proving them; and, if sufficient, entitles the party to a judgment thereon; if they are not sufficient, and judgment is, nevertheless, rendered thereon, it will be reversed upon appeal, on the error excepted to,· overruling the demurrer. By taking the benefit of a jury trial in this case upon the third count, the plaintiff has waived his exception to the overruling of his demurrer.

After the evidence was closed, the plaintiff asked the court to instruct the jury "that if they believe, from the evidence, that the taxes paid by the defendant was arranged and settled for at the time defendant made the purchase of the partnership property of plaintiff and defendant, and thereby defendant was paid back the money he paid for the taxes, and that said order or warrant belonged to plaintiff when the taxes · were paid, they will find for the plaintiff." This instruction was refused, and exceptions taken. It may have been refused because there was no evidence upon which to base it. If that ground existed it might properly be refused thereon. Whether it did.exist or not this court cannot know since none of the evidence is contained in the record. In such case the action of the court below is

presumed to be correct. Of course we do not pass upon the correctness or incorrectness of the instruction in other particulars, since it is not necessary to do so.

The plaintiff also assigns as error the giving of the instructions, as given by the court to the jury. But the record does not disclose any exceptions by the plaintiff to them. In such case, there is no question presented for us to determine.

3. —— in-
structions.

There was a motion for a new trial made by plaintiff, which was overruled and excepted to. But no other questions are made by it than those already considered herein As we find no error in the action of the court below, the judgment must stand

Affirmed.