HANNA v. HAWES ET AL.

| | |
|---|---|
| 45 | 437 |
| 85 | 316 |
| 45 | 437 |
| 86 | 204 |
| 45 | 437 |
| 91 | 382 |
| 45 | 437 |
| 104 | 650 |
| 45 | 437 |
| e127 | 50 |

1. **WILL**: LIMITED DEVISE: REMAINDER. Where a will devised a certain sum with the condition that it should be invested in real estate, the income of which should be enjoyed by the devisee during life with remainder to the heirs of her body, and the executor in accordance therewith conveyed to the devisee certain lands by a deed which recited the provisions of the will respecting the devise, *held*, that the devisee possessed only a conditional estate in the lands and could not convey them to a third party to the exclusion of her heirs.

2. ———: CONVEYANCE: PRACTICE. While an action to set aside a conveyance by the devisee would properly be brought in the name of the heirs, yet in an action therefor by their guardian, where they are minors, the court has the power to protect their interests and defeat the alienation of the property.

3. ———: ———: ———. But the action cannot be maintained in behalf of the "minor heirs" of the deceased devisee, when the will of the ancestor provided that the estate should vest in the "heirs of her body."

4. ———: ———: PLEADING. In an equitable action thus improperly commenced, advantage may be taken of the error by a general demurrer, even though the demurrer be not in the precise language of the Code, the intention of the pleader to assail the defect being apparent.

*Appeal from Louisa Circuit Court.*

THURSDAY, MARCH 22.

THIS is an equitable proceeding, and the petition states "that the wards of the plaintiff, viz., William, James, Millie and Lilly Little are minor heirs of Sarah and Sylvester Little deceased." That Sarah was the daughter of Benj. Stoddard, who, by his will, which has been duly admitted to probate, devised to her $2,000 to be invested in real estate, to hold said real estate during her natural life, and at her death the said lands so purchased with said $2,000 were to become the property of the heirs of her body if there should be any. A copy of the will was attached to the petition and made an exhibit.

That in conformity with the provisions of the will Thomas Stoddard, the executor thereunder, conveyed the real estate in controversy to Sarah Little. A copy of said deed is attached to the petition and made an exhibit. That by the terms of

the deed Sarah Little acquired only a life estate, but that she and her husband conveyed the premises by warranty deed to Isaiah Ogier; that the latter conveyed to Perry, who conveyed to defendant Hawes. "That plaintiff is the equitable and legal owner of said real estate in fee simple and entitled to the possession thereof; that the deeds to Ogier, Perry and Hawes are clouds on his title, and he asks a decree quieting and confirming the title in him, and setting aside and canceling said deeds, and for such other and further relief as may be just and proper." To the petition the following demurrer was filed by defendant Hawes:

" 1.  That by plaintiff's own showing he is not entitled to the relief prayed for, and that the facts stated by the plaintiff defeat the right of recovery in this action, and for special causes of demurrer defendant says:

" 2.  That by the terms of the will of said Benjamin Stoddard, deceased, the $2,000 legacy bequeathed to Mrs. Sarah Little vested in her, an absolute estate upon the death of the testator.

" 3.  A bequest to a devisee and the heirs of her body vests an absolute estate in the immediate or first donee.

" 4.  The deed of Thomas Stoddard to Mrs. Little vested an indefeasible title in the grantee to the lands mentioned and described in said deed.

" 5.  The recitals in said deeds in relation to the will of Benjamin Stoddard deceased do not create a life estate in Mrs. Little; by such conveyance she took the fee with power of alienation, not simply a life estate. That from plaintiff's own showing the defendant holds the fee simple title absolute to said real estate, and that as guardian of said minor heirs he has no legal or equitable interest therein."

This demurrer was overruled, and defendant Hawes appeals.

*J. & S. K. Tracy* and *Hurley & Hale*, for appellants.

*Tatlock & Wilson*, for appellees.

SEEVERS, J.—I.  As we understand, the plaintiff's title and right to the land rest solely on the will of Benj. Stoddard,

and a conveyance from Thomas Stoddard, executor under the will. We further understand counsel for defendants to concede that the following is a copy of so much of the will as refers to the devise in question:

*1. WILL: limited devise: remainder.*

"To my daughter, Sarah Little, wife of Sylvester Little, I give the sum of two thousand dollars, to be invested in lands, for my said daughter to have the income of the same during her life, and at her death to go to the heirs of her body, and, if none, to be divided equally between the surviving children of her mother, Sarah Stoddard; and, in case of my death before the execution of the above, I direct my executor to carry out my directions."

In conformity with the provisions of this will the executor conveyed the premises in controversy to "Sarah Little, wife of Sylvester Little, * * one of the heirs at law of the estate of Benj. Stoddard, * * who by his will, dated the 11th day of October, A. D. 1866, and admitted to probate in the county court of Louisa county, State of Iowa, on the 7th day of January, A. D. 1867, where will more fully appear, among the devises of said will, he willed and bequeathed that the sum of two thousand dollars should be invested in lands for the sole use of his daughter, Sarah Little, during her natural life, and at her death, under certain restrictions, to which this conveyance be subject, for the following lands or real estate, situate in the county of Louisa, State of Iowa: (*Here follows a description of the lands.*) To have and to hold the said premises with the appurtenances unto the said Sarah Little, wife of the said Sylvester Little, her heirs and assigns forever," followed by the usual covenants of warranty.

It is claimed on the one hand that under these instruments Sarah Little took a life estate only, and on the other that she thereby became vested with a title in fee simple, and that she could sell and convey said premises, and that her grantee obtained a title thereto in fee simple.

Keeping in view the cardinal principle that the intent of the testator, if possible, is to be ascertained in the construction of wills, we proceed to the discussion of the question presented.

The testator did not give Sarah Little two thousand dollars absolutely to be used and controlled at her will and pleasure, but the devise was coupled with the charge that it should be invested in lands, the income derived from which she only could use and have the benefit of during her life, and at her death the lands were to become the property of the heirs of her body, if any such there were. No direction was given as to whom the title to the lands should be vested in during the life of Mrs. Little. The form in which the thing intended by the testator was to be done was left to the discretion of the executor.

The substance of the devise to Mrs. Little was that she should have the income during her life of two thousand dollars' worth of land, or in other words, of land purchased with the two thousand dollars set apart by the will for that purpose.

The executor was charged with a trust, a due execution of which required that he should see that the money was invested in lands, the income of which should be vested in Mrs. Little for life, and the title to vest in the heirs of her body, if any such there were at her death.

If the executor, in the execution of this trust, had vested the legal title to the land in John Doe, charged with the trust to permit Mrs. Little to receive the income during her life, and at her death to convey the title to the heirs of her body, the case would have been identical in principle with *Zuver v. Lyons*, 40 Iowa, 510, and it is there held, "if the estate limited to the ancestor be a trust estate, and the subsequent limitation to his heirs carries the legal estate, the two will not unite in an estate of inheritance in the ancestor, but the limitation to the heirs will be a contingent remainder."

A trust estate being created by the will, the executor had no power to enlarge or restrict whatever estate was so created. It is also apparent that he did not do so. The conveyance made by him sufficiently shows that he designed and intended thereby to carry out in good faith the trust, and this only he had the power to do. As between the parties to this estate, he did not have the power or authority to vest the legal title to the lands in Mrs. Little, discharged of the trust.

Whatever estate she took was charged with the same trusts it would have been if the conveyance had been made to any other person.

Conceding the rule in *Shelley's case* to be law in this State it is not applicable, because the testator did not vest the legal estate in Mrs. Little with a limitation over to the heirs of her body.

The conveyance was made subject to certain restrictions contained in the will, the date of which together with that of its probate is given therein. This was sufficient to charge the defendants with notice of the trust.

It is not averred in the petition that the two thousand dollars devised to Mrs. Little was invested in the land in controversy, but it is averred that the conveyance of the land was made in conformity with the provisions of the will by the executor. In the absence of a motion for a more specific statement we are of the opinion this is sufficient.

Besides this, if the beneficiaries under the will are content with the execution of the trust it is difficult to see how any one else can complain.

II. It is urged that plaintiff has no legal capacity to sue, and it is insisted by appellee such objection has been waived. 2. ——: conveyance: practice. We are unable to see why the action was not brought in the names of the infant children of Mrs. Little, so that in case of success the title of the real estate would vest in them instead of the plaintiff as their guardian. The court, however, would have the power by the terms of the decree to sufficiently protect the interest of the children in this respect, and the presumption is that it would do so.

The demurrer does not specify as one of the grounds thereof that the plaintiff had no legal capacity to sue in such clear and precise language as required by §§ 2648, 2649 of the Code. We are of the opinion that, if any of the causes mentioned in § 2648 as grounds of demurrer are intended to be relied on, they should be specified in an equitable action with the same certainty and precision as in a law action, except the fifth sub-division of said section, or they will be disregarded.

The objection now urged was therefore properly disregarded in the court below, and the same result must follow here.

III.    The plaintiff claims that at the death of Mrs. Little the title to the real estate in controversy was to vest in the "heirs of the body of Sarah Little," and the petition states that the wards of the plaintiff are "minor heirs of Sarah Little, deceased." Such being the case the appellant insists that the plaintiff has not shown a right to recover.

There is a clear and manifest difference between the "minor heirs of Sarah Little" and "heirs of her body." The latter only includes her children born of her body, while the former includes not only such but brothers and sisters or other relatives more remote still.    We therefore feel constrained to hold the petition insufficient in this respect.

It is urged, however, by the appellee, this objection should be deemed waived or disregarded, because it was not specified as one of the grounds of demurrer.

It was held in *Allen v. Cerro Gordo County*, 34 Iowa, 54, where there was no general demurrer allowed in equitable actions, and certain causes specified as grounds of special demurrer only, that none other than such special causes could be urged and relied on.

We, however, hold the demurrer in the case at bar to be both general and special    It is true the general ground is not stated in the precise language used in the Code, but it is substantially the same, and this is all that is required. No one could mistake the intention of the pleader in this respect. None of the causes of demurrer mentioned in Sec. 2648 of the Code includes the objection now made, except the general cause allowed in equitable actions, and if such objection could not be urged under such general ground we are at a loss to know what could be. Such being the case we must presume the objection now under consideration was brought to the attention of the court below, and it therefore follows the objection has not been waived nor should it be disregarded.

REVERSED.