Cowen v. Boone.

COWEN v. BOONE ET AL.

1. **Appeal : WHEN IT LIES.** An appeal lies from an order of the court overruling a demurrer when such ruling involves the merits of the case, and the party at the time elects to stand upon his demurrer.

2. **Attorney : LIEN OF : WAIVER.** Where an attorney obtained judgment in favor of his client, and filed a claim for a lien thereon, and afterward procured the satisfaction of the judgment by perfecting the client's title to land attached in the action, *held*, that, whatever lien he might have been entitled to upon the land attached, in the hands of the adverse party, it was waived when he procured satisfaction of the judgment, and the transfer of the title to his client.

Cowen v. Boone.

*Appeal from Harrison District Court.*

SATURDAY, APRIL 20.

ACTION to foreclose a mortgage. It was alleged in the petition that the defendants Bolter & Davis claimed to have a lien on the premises, but that the same was junior and inferior to the mortgage. Bolter & Davis, in an answer filed by them, alleged that they, as attorneys at law, in 1876 commenced an action for Annetta Marble against William H. Marble, in which an attachment issued and the land described in the mortgage duly attached. That subsequently a judgment was rendered in said action against the defendant therein for the sum of $1,599.80 and costs, and "the title to said land perfected in said Annetta Marble by said Bolter &·Davis," and they "filed their attorney's lien upon said judgment, which lien still exists." A transcript of the judgment and lien as entered on the judgment docket is made an exhibit. The lien was filed and entered on the judgment docket February 7, 1876, and the mortgage was not executed until after that time.

It is further alleged in the answer that Annetta Marble sold and conveyed the said premises to the defendant Boone, and that he executed the mortgage in question to secure the payment of a portion of the purchase money; and that said "Annetta Marble took said mortgage upon said property from said Samuel Boone, * * * with full, actual knowledge of the prior, senior and superior lien of said defendants." To this answer there was a demurrer, which, being overruled, the plaintiff appeals.

*Barnhart & Cadwell,* for appellants.

*Bolter & Davis, pro se.*

SEEVERS, J.—I. The abstract states: "This cause came on for hearing upon the demurrer," and after hearing arguments

1. APPEAL:
when it lies.

of counsel thereon the "court entered an order and judgment ordering and adjudging that said

demurrer be overruled, to which order and judgment of the court plaintiff at that time excepted, and elected to stand thereon."

It is insisted by the appellees that no judgment was entered or rendered by the court, and that, therefore, this appeal, to say the least, is premature.

An appeal lies from "an intermediate order involving the merits, and materially affecting the final decision." Code, § 3164.

The court ordered and adjudged that the demurrer be overruled, and the plaintiff elected to stand thereon; that is to say, he refused to reply. Such an entry of record, we think, gives a party the right to appeal therefrom.

II. The grounds of demurrer are—*First*, "that the facts alleged * * purport to constitute a cause of action, or counter-claim, in favor of said defendants, against said plaintiffs, and that the facts therein stated do not entitle defendants to the relief demanded; and *second*, that the facts therein alleged do not constitute a defense, either in whole or in part, to plaintiff's cause of action."

It is insisted, as no counter-claim is alleged, and as the matters pleaded in the answer are not set up as a defense to the foreclosure of the mortgage, that, therefore, the demurrer was properly overruled.

This may be . conceded. The demurrer, however, is both general and special (*Hanna v. Hawes*, 45 Iowa, 437), and as the general ground allowed in equitable cases is substantially stated in the demurrer, it is sufficient. Code, §§ 2648, 2649, 2664.

III. The only necessary question is, which of these parties

2. ATTORNEY: lien of: waiver. has the prior lien on the premises described in the mortgage.

The lien of an attorney is prescribed and fixed by a statute which has been in force, and now exists, without substantial change, since 1851 (Code of 1851, § 1618; Revision, § 2708; Code, § 215), and, so far as it affects this controversy, provides

that an attorney has a lien on "money due his client in the hands of the adverse party  *  *  *  from the time of giving notice in writing to such adverse party;" which notice, under the Code, may be entered "in the judgment docket opposite the entry of the judgment." But this mode of giving notice in no manner affects the nature and extent of the lien.

Unless the prescribed notice has been given, the parties could settle and adjust the judgment or matter in controversy, without reference to the claim of the attorney for his fees. *Casar v. Sargeant*, 7 Iowa, 317. The "statute does not give the attorney a lien upon a judgment as a judgment." *Hurst v. Sheets and Trussell et al.*, 21 Iowa, 501. .But he has a lien on money due his client in the hands of the adverse party from the time of giving the required notice.

As between Annetta Marble and W. H. Marble, the defendants had a lien on the money due on the judgment, and it may be conceded (a point, however, which we do not determine) that they had the right to enforce such lien in the same manner and to the same extent the plaintiff in the judgment could enforce its payment; that is to say, that the lien of the attorneys carried with it the lien of the judgment or attachment.

The title to the land which had been attached "was perfected in said Annetta Marble by these defendants." How or in what manner this was done is not disclosed, nor do we think the manner of doing it material. Now defendants insist that their lien, as attorneys, attached to and continued to exist on the land after they had succeeded in perfecting the title thereto in their client. She being the owner of the land, sold it to the defendant Boone. The mortgage, being taken for a portion of the purchase money, was transferred by her to the plaintiff.

Certainly, when the defendants perfected the title in their client without obtaining payment for their services, W. H. Marble would not be bound to pay them. It must, we think, be true as between Boone, the plaintiff, and the defendants,

VOL. XLVIII—23

that the latter should be deemed to have waived their lien. In fact the lien was on the money due from the adverse party to the client of defendants.

Now, suppose the latter had collected the money, and paid it over without satisfying the amount of the lien, certainly they would be deemed to have waived it, and the judgment debtor would be discharged.

Now, conceding defendant's theory as to their lien to be true, this is precisely what they have done; for their claim is that the filing of their lien created a lien on the land in the hands of the judgment debtor, and the title to this land they "have perfected" in their client, without protecting themselves. We are of the opinion that the judgment debtor, Boone, and the plaintiff had the right to suppose the lien of defendants to have been satisfied or waived, and that the mortgage lien is superior to the lien of defendants, who, in fact, have no lien on the land.

REVERSED.