ARNOLD BROS. v. KREUTZER & WASEM.

1. **Appeal to Supreme Court:** FROM JUDGMENT ON DEMURRER. Plaintiff demurred to the answer, and the demurrer was overruled, and, plaintiffs refusing to plead further, the case was dismissed, and judgment for costs rendered against the plaintiffs. *Held* that an appeal would lie from such judgment.   Code, § 3164.

2. **Contract:** AGREEMENT NOT TO ENGAGE IN BUSINESS: ACTION FOR BREACH OF: INSUFFICIENT ANSWER. An answer in an action for the breach of an agreement not to engage in a certain business at a certain place, during a time named, considered, (see opinion,) and *held* to present no defense to the action, and that a demurrer thereto should have been sustained.

3. ———: ———: CONSIDERATION FOR. The purchase by plaintiffs of a stock of goods from defendants was a good consideration for an agreement on the part of defendants, made in the same transaction, that they would not engage in the sale of like goods at the same place during a certain specified time.

4. ———: ———: VALIDITY: PUBLIC POLICY. A contract not to engage in a certain business, at a certain place, within a specified time, is not void as being against public policy.   See *Hedge v. Lowe*, 47 Iowa, 137.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 22.

ACTION upon a written contract for a breach of a convenant therein contained, obligating defendants not to engage in the furniture business for a time and at a place specified therein. A demurrer to an answer of defendants was overruled, and, plaintiffs standing upon their demurrer, the case was dismissed.   Plaintiffs appeal.

*E. J. Arnold* and *J. H. Bradley*, for appellants.

*Binford & Snelling*, for appellees.

BECK, CH. J.—I.   The parts of the contract necessary to an understanding of the case are as follows:

" This agreement, made the twenty-second of February, A.

D. 1878, between Kruetzer & Wasem and Arnold Brothers, all of Marshalltown, Marshall county, Iowa, witnesseth that the said Kruetzer & Wasem, for the consideration hereinafter specified, agree to sell to the said Arnold Brothers, and the said Arnold Brothers agree to buy of the said Kreutzer & Wasem, all the stock of furniture belonging to the said Kreutzer & Wasem now being in the store occupied by them at No. 19, North Center street, in Marshalltown.    *    *    *

"In consideration of the premises, the said Arnold Brothers agree to pay to the said Kreutzer & Wasem five hundred dollars April 1st, and to execute and deliver to Kreutzer & Wasem, as and for the purchase money of the balance of the above-mentioned property, and in full payment therefor, their promissory notes, with approved security, of two hundred dollars each, payable every sixty days thereafter, with ten per cent interest from April 1, 1878; first note payable June 1, 1878; second, August 1st; and so on every sixty days.

"And the said Kreutzer & Wasem further agree to and with the said Arnold Brothers that they will not at any time hereafter (until the expiration of said lease) engage, directly or indirectly, or concern themselves in carrying on or conducting the furniture business as retail dealers, or wholesale to any parties (other than Arnold Brothers) any goods such as they now or may hereafter manufacture, within two miles of the premises now occupied by them as aforesaid for such purpose.

"And the said Kreutzer & Wasem agree to furnish, for one year from April 1, 1878, to Arnold Brothers all staple goods, such as they now or may hereafter manufacture, that the said Arnold Brothers may require in their business, at lowest cash prices established, or that may hereafter be established, by any of the following firms: Forest City Furniture Co., of Rockford, Illinois, Frank Hayer, J. Koeing & Co., or Swan & Clark, of Chicago, all being furniture dealers, or any other first-class, reliable furniture dealers,—less freight from their respective houses to Marshalltown. Said goods to be furnished

Arnold Brothers by the said Kreutzer & Wasem as fast as they may need the same, reasonable notice being given to the said Kreutzer & Wasem of the time said goods will be required.    *    *    *

"The security above spoken of is to consist of a chattel mortgage of the goods purchased by Arnold Brothers of said Kreutzer & Wasem, now in said Kreutzer & Wasem's store. Said mortgage is to be placed in the city bank, to be recorded *only* upon failure of said Arnold Brothers to pay the said notes when due."

The action is brought upon the third paragraph of the contract as set out above. The defendants answered the petition in the following language:

" Come now defendants, and, for answer to plaintiff's petition, state:

"(1) Defendants admit the execution of the contract sued on, but aver that said contract was for a long time lost; that these defendants understood and believed that the covenant therein contained, for the breach of which this suit was brought, expired in one year from April 1, 1878, and that for such year they kept said covenants in good faith, and that thereafter they sold their manufactured goods at wholesale, the same as if said contract had never been executed. Further answering, defendants deny that plaintiffs are damaged in any sum whatever by reason of the violations of said contract by defendants, as alleged in said petition, or in any other manner.

"(2) Defendants aver that plaintiffs have failed to perform the conditions of said contract required of them to be performed before plaintiffs could ask or require that defendants should perform the covenants sued on, or sue for a breach thereof, in this: Said plaintiffs covenanted, as a condition precedent, to buy the stock of defendants in a certain building, and pay five hundred dollars cash on a certain day, and pay the balance, two hundred dollars every sixty days until the entire amount was paid, and also agreed to secure

said deferred payments by a mortgage on the stock sold. And these defendants aver that said plaintiff neglected and refused to secure said deferred payments, or any portion thereof, by a mortgage, or otherwise, whereby said violation was a sufficient reason for defendants' refusal to comply with the covenant. And said plaintiffs further agreed, by the terms of said contract set out in plaintiffs' petition, that for one year from April 1, 1878, they would purchase of these defendants all staple goods that they (Arnold Brothers) might require in their business, of the kind that these defendants were then or might thereafter manufacture, all of which will appear by reference to the contract set out in plaintiffs' petition. And these defendants aver that the plaintiffs neglected and refused to buy of these defendants from April 1, 1878, to April 1, 1879, all the staple furniture they required in their business of the kind manufactured by these defendants, and refused to buy of these defendants any goods, save a small portion of such furniture as was required by them in their business, and on the contrary purchased such furniture of foreign manufactories; wherefore and by reason of which these defendants were and are released from the covenants for the breach of which this suit is brought.

"(3) Defendants say there was no consideration for that portion of the covenant whereby defendants agreed not to engage in selling goods at wholesale within two miles of the premises leased of defendants by plaintiffs; wherefore and by reason of which said contract is void, so far as it relates to the sale of goods at wholesale.

"(4) Defendants, for further answer, aver that said contract is illegal and void, because it is against public policy and in restraint of trade; that the same tends to create a monopoly, in this: Said contract binds defendants not to sell any furniture of their manufacturing within two miles of the premises described in the lease to plaintiff set out in the petition, while plaintiffs are not required to buy any furniture of defendants of their manufacture, except for one

year out of the five years in which defendants are prohibited from selling as above; whereby it is left optional with plaintiffs to allow the manufactured goods of defendants to be sold in the city of Marshalltown, Iowa; that Marshalltown is a city of ten thousand inhabitants, and has now, and for many years last past has had, three large retail furniture stores within her limits."

The plaintiff demurred to the answer upon grounds which we shall hereafter consider. The demurrer was overruled, and, plaintiff refusing further to plead, the case was dismissed, and judgment for costs rendered against plaintiff.

II.  Counsel for defendants insist that there is no judgment in the case from which the plaintiffs can appeal. We think differently. The order affected a substantial right of the plaintiffs, as it, in effect, held that the matters pleaded in the answer constituted a defense to the action. In such a case the statute provides for an appeal. Code, § 3164. An appeal would lie even had no judgment been rendered other than a decision sustaining the demurrer. *Cowen v. Boone*, 48 Iowa, 350.

*1. APPEAL to supreme court: from judgment on demurrer.*

III.  In our opinion the demurrer should have been sustained. It assailed the first count of the answer on the ground (1) that it admitted the violation of the conditions of the contract for which the action is brought; (2) it set up defendants' understanding and belief of the effect of the contract; and (3) it pleads a conclusion to the effect that defendants sustained damages by the violation of the contract without showing facts upon which the conclusion is based. It is surely not necessary to support with argument or authorities our conclusion that this count is obnoxious to the objections thereto made by the demurrer.

*2. CONTRACT: agreement not to engage in business: action for breach of: insufficient answer.*

IV.  The first clause of the second count of the answer does not allege that defendants sustained injury or loss by reason of the failure of plaintiff to execute the mortgage. The plaintiffs may have paid the notes. If that had been

Arnold Bros. v. Kreutzer & Wasem.

done, no damage could have accrued by the failure to execute the mortgage. This thought should have been negatived by the answer.

V. The second paragraph of the second count of the answer sets up an agreement of the plaintiff to purchase goods of defendants. But the contract does not obligate plaintiffs to buy goods, it only binds defendants to furnish such goods as plaintiffs may require. It clearly leaves it to the option of plaintiffs to purchase goods of defendants. Objections to this count of the answer were raised by demurrer based upon these grounds.

VI. The third count alleges that there was no consideration for the covenant of the defendants not to engage in 3. —— : ——: trade. The consideration for this covenant is consideration for. found in the covenants of plaintiff set out in the contract, and, besides, defendants' covenant, being in writing, imported a consideration. Code, § 2113. This count was assailed by the demurrer.

VII. The fourth count of the answer sets up that the contract, in so far as it binds defendants not to engage in 4. —— : ——: trade as stipulated in the contract, is against validity: public policy. public policy, being in restraint of trade, and therefore void. But contracts of the character of the covenant in question are held by this court to be valid. See *Hedge v. Lowe*, 47 Iowa, 137. This count was assailed by the demurrer upon the grounds we have stated.

The foregoing discussion disposes of all questions in the case. The judgment of the circuit court is

REVERSED.