SEIPPEL v. BLAKE *et al.*

**Appeal:** OVERRULING OF DEMURRER : RECORD.  Before plaintiff can
maintain an appeal from an order overruling a demurrer to a
division of the answer, he must elect to stand upon his demurrer,
and so state, and have the fact shown of record.  Otherwise he
would have the right to try the issue of fact raised by the answer
in the court below, while the issue of law raised by his demurrer
is pending in this court,—a thing which cannot be allowed, since
plaintiff, while insisting upon his demurrer, is in law regarded as
admitting the facts stated in the pleading demurred to.  (See
op inionfor cases followed and distinguished.)

*Appeal from Clayton District Court.*—HON. L. O.
HATCH, Judge

FILED, JANUARY 17, 1889.

ACTION of replevin for a ferry-boat. There was a
demurrer to the answer, which was overruled, and
plaintiff appeals.

*J. Larkin*, for appellant.

*James O. Crosby*, for appellees.

ROTHROCK, J.—The property in controversy is a
horse ferry-boat, which runs between the village of
Clayton, on the Mississippi river, and a landing across
the river, on the opposite shore. The plaintiff's claim
to the boat is based upon two chattel mortgages. The
defendant denied the averments of the petition, and set
up as a further defense that the owner of the boat was
indebted to the defendant Blake for wages earned in
operating the boat, and that he caused the same to be
seized upon a warrant under the statute, and that
defendant Morrison, who is a constable, made the seiz-
ure, and that the boat was lawfully in his possession
when this action was commenced; and judgment was
asked for the return of the boat, and that, in default of
a return thereof, the amount of the claim for wages be
declared a lien, and that plaintiff be required to pay the
same, with costs. A demurrer to this division of the
answer was overruled. The record shows that the plain-
tiff excepted to the ruling. What further was done in
the action is not shown by the record. Counsel for
defendants makes the point that the appeal cannot be
entertained, because it does not appear that the plain-
tiff had any right to appeal. In *Wilcox v. McCune*, 21
Iowa, 294, where a demurrer to an answer was over-
ruled, it was held that, if the plaintiff elects to stand on
the ruling, he must so state, and have the fact shown of

·record, and that a mere exception to the ruling is not sufficient to give the right of appeal. The ruling in that case appears to be decisive of this, and the appeal must be dismissed, upon the ground that no right of appeal is shown in the record.

DISMISSED.

OPINION ON REHEARING.

[FILED, MAY 17, 1890.]

BECK, J.—At a former term a rehearing in this case was ordered upon plaintiff's petition. It has been again argued, and again submitted for decision. It will be observed, from the statement of the case made in our prior opinion, that a demurrer to defendants' answer was overruled, and that plaintiff, without any action by himself or by the court, shown by the record, by which he rested upon his demurrer, and by which he would be precluded from trying the issues raised by the answer demurred to, appealed from the decision. It will be readily understood that, in the absence of such action, plaintiff could have gone on and tried the issues raised by the answer demurred to, and that, if the appeal be entertained, he could at the same time try in this court the question of law raised by the demurrer. The decision on the demurrer did not finally dispose of the defense raised by the answer. The plaintiff is in the position of asking a trial of the issues of fact upon the answer, and the issues of law upon the demurrer. This cannot be admitted. Under *Wilcox v. McCune*, 21 Iowa, 294, cited in our first opinion, he must abandon his claim to try the issue of fact on the answer before he can appeal, and thereon claim a determination of the issue of law presented by the demurrer. In the petition for rehearing, and the argument thereon, counsel for plaintiff cite: *Arnold v. Kreutzer*, 67 Iowa, 214; *Hampton v. Jones*, 58 Iowa, 317; *Cowen v. Boone*, 48 Iowa, 350; and *Stanley v. City*

*of Davenport*, 54 Iowa, 463. These cases differ from the case before us, as we shall proceed to show, and do not support counsel's position. In the case first named the plaintiff, upon the overruling of his demurrer, refused to further plead, and thereon his cause was dismissed, and judgment for costs rendered against him. He rested upon his demurrer, and did not, as plaintiff in this case is attempting to do, endeavor to try the issue of law in this court while the issue of fact is still pending in the court below. In *Hampton v. Jones* a demurrer to the petition was sustained. The court gave plaintiff thirty days to elect to stand on his petition or to amend, and, if he failed to amend, it was to operate as an election to stand on his petition, and the action was to be regarded as dismissed. The record failed to show that plaintiff elected to stand on his petition, and on that ground it was claimed the appeal should have been dismissed. But it is plain that upon the record it appears that plaintiff did stand on his petition, for his failure to answer operated, under the facts of record, as an election to stand on his petition. In *Cowen v. Boone* the plaintiff demurred to an answer which was overruled. But he stood upon the demurrer, and, of course, refused to plead further. In *Stanley v. City of Davenport* a motion to strike out of the petition language charging a cause of action was sustained. No judgment was entered dismissing the petition. It is plain that the decision finally disposed of the cause of action stricken out, and that it was no longer depending. The plaintiff stood upon his pleading, not by suffering judgment to go against him, which he could not do, for he had other causes of action, but by his exceptions to the ruling. There was nothing else that he could have done. We think our first opinion in this case is not in conflict with any prior ruling of this court, and is in accord with well-settled rules of the law. The order dismissing the appeal is adhered to.

DISMISSED.