CHAS. D. GOLDSMITH, Appellant, v. H. L. WILSON, Sheriff, *et al.,* Appellees.

Appeal from Order on Demurrer: PRACTICE.

*Appeal from Sac District Court.*—HON. J. H. MACOMBER, Judge.

FRIDAY, JANUARY 30, 1891.

THIS action was commenced in 1884. It was tried in the district court, and a judgment was rendered for the defendants. The plaintiff appealed to this court, and the judgment was reversed. After the cause was remanded to the district court the defendant sought to have a change of forum to the circuit court of the United States. The

application therefor was granted. The cause was afterwards remanded to the district court. The action on the application of defendants was continued for several successive terms. .The last application for continuance was made on the second day of October, 1888, and it was overruled. The active counsel in the case were not present. Resident counsel, who it appears had nothing to do with the management of the case, withdrew their appearance, and the plaintiff introduced his evidence, made material amendments to his petition and took judgment for the sum of eighty-three hundred and thirty-eight dollars and forty cents, and two hundred and twenty-four dollars costs. The defendants appeared on the first day of the next term, and on their motion the record entry of judgment was corrected, but the correction was not in any matter material to the present appeal. Three days later the defendants filed a petition for a new trial. This petition was afterwards amended. The petition was in several counts. The defendants demurred to the several counts of the petition. The demurrer was overruled as to some of the counts, and sustained as to the others. The plaintiff appeals from the order overruling the demurrer as to some of the counts.—*Dismissed.*

*Chas. D. Goldsmith*, for appellant.

*John Gibbons, Wright, Baldwin & Haldane* and *Elwood & Zane*, for appellees.

ROTHROCK, J.—We have stated the history of the case somewhat at length, to the end that the ground on which we dispose of the appeal may be fairly understood. When the demurrer was overruled, no further proceedings were had in the case. It appears that by consent the case was to stand continued until this appeal shall be determined. Appellees contend that an appeal cannot be taken from such an order, and they move to dismiss the appeal upon that ground. We think the motion must be sustained. The appellant did not elect to stand on the ruling on the demurrer, and the consent to continue the case, that appellant might have the opportunity of appealing to this court, that he might try the question of law, and leave the case undisposed of in the court below, gave appellant no additional right. Appellate jurisdiction is conferred on this court by law, and not by the consent of the parties. The case of *Seipple v. Blake*, 80 Iowa, 142, appears to us to be decisive of this appeal.

The appeal will be DISMISSED.