FLOYD J. HANSEN et al., Appellants, v. INDEPENDENT SCHOOL
DISTRICT OF LE MARS et al., Appellees.

**APPEAL AND ERROR:** When Appeal Lies—Unequivocally Standing on
Demurrer.  No appeal lies from an order overruling a demurrer, un-
less the record in some manner unequivocally shows that the demur-
rant elected to stand upon his demurrer.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON,
Judge.

MARCH 14, 1922.

SUIT in equity.  Plaintiff brings the action as next friend
of his minor children.  The defendants are the members of the
school board of Le Mars.  The petition alleges that such de-
fendants had adopted a regulation requiring that all students
to be admitted to the public schools of Le Mars should show
satisfactory evidence of successful vaccination; that, by reason
of such regulation, the school board refuses to permit the plain-
tiff's minor children to attend school, in that they have not been
vaccinated and will not be; that the adoption of such regula-
tion is unwarranted, and wholly beyond the power and authority
of the school board.  The prayer of the petition, in effect, asks
that the defendants be enjoined from enforcing such regulation
and from preventing the attendance at the school of the minor
children of the plaintiff.  The defendants pleaded an affirma-
tive defense, alleging, in substance, that they were confronted
with an epidemic of small pox in the city of Le Mars and among
the school population, and that, upon the request of the state
board of health, and under its advice, they adopted the regula-
tion in question, solely for the purpose of preventing the spread
of contagion and of protecting the public health, and especially
the health of the school attendants.  To this answer the plaintiff
demurred, on the broad ground that the defendants, as a school
board, were wholly without power to make or to enforce the
aforesaid regulations.  This demurrer was overruled, to which
ruling the plaintiff duly excepted.  From such overruling of
the demurrer, the plaintiff has appealed.—*Dismissed.*

*T. M. Zink,* for appellants.

*H. S. Martin,* for appellees.

EVANS, J.—We are confronted at the threshold with a question of practice. The appellees challenge the right of the appellant to take or maintain this appeal, because he did not at any time in the court below elect to stand upon his demurrer. We denied the motion of appellees for a summary dismissal. Our ruling in that regard was tentative only, and for the purpose of giving further consideration to the question on full submission, and of submitting a written opinion thereon.

The record discloses no evidence that the plaintiff elected to stand upon his demurrer. He saved an exception to the ruling, and took his appeal. The contention for appellees is that, in order to be entitled to appeal, the plaintiff was bound to indicate his election to stand upon the demurrer. Appellees concede, in effect, that, if final judgment had been, in fact, rendered against the plaintiff for want of pleading or amendment, following the ruling on demurrer, this would be sufficient evidence of an election to stand. No final judgment, however, was entered. The case is still pending upon the pleadings, with the right of amendment still open to the plaintiff, so far as appears from the record here.

We deem it well settled, under repeated holdings of this court, that it *is* essential to the plaintiff's right of appeal that he should unequivocally elect to stand upon his demurrer. This holding was first made in *Wilcox v. McCune,* 21 Iowa 294, and such holding has been repeatedly followed ever since. In the *Wilcox* case, it was said:

"To allow a party in such case to simply except on the record, and then require the adverse party to prove the averments of his pleading, would be giving to the demurring party an advantage of the denial or avoidance made by the statute, without any possible peril to himself—an advantage he does not have when the pleading is made in fact by the party. To entitle a party to the benefit of an exception to the action of the court in sustaining or overruling a demurrer, he must stand by his pleading or demurrer. And this is just as true in the in-

stances where the law makes the subsequent pleading as where, by law, the party must make it himself.  If he makes it himself, or allows the law to make it, he thereby waives the right to insist upon his exception to the ruling of the court in that particular.  Take this case as an illustration of the rule as stated. The plaintiff demurred to one count of the answer; the demurrer was overruled, and plaintiff excepted.  The law put in the denial, and compelled the defendant to prove the averments of that count to the jury, who found thereon for the defendant. Now, the plaintiff, after he has had the benefit of a jury trial, seeks to go back, and take the benefit also of his demurrer.  He cannot have both at once; he may have one, and he may choose which; but if he chooses to stand by his demurrer, he must take the consequences thereof, one of which is an admission of the truth of every well pleaded fact,—and this admission, of course, obviates the necessity of proving them, and, if sufficient, entitles the party to a judgment thereon.  If they are not sufficient, and judgment is, nevertheless, rendered thereon, it will be reversed upon appeal, on the error excepted to, overruling the demurrer.  By taking the benefit of a jury trial in this case upon the third count, the plaintiff has waived his exception to the overruling of his demurrer.''

In *Cowen v. Boone*, 48 Iowa 350, no final judgment had been entered in the case in the court below, but the appellant had made of record his election to stand upon the demurrer. It was held that the election was sufficient for the purpose of an appeal, and that the entry of final judgment was not essential.  In *Hampton v. Jones*, 58 Iowa 317, there was no formal election by the appellant to stand upon his pleading.  But there was a final judgment against him for want of pleading or amendment.  This was held to be sufficient evidence of an election to stand.  In *Seippel v. Blake*, 80 Iowa 142, the plaintiff demurred to a division of the answer.  His demurrer was overruled, and he excepted to the ruling and appealed therefrom.  No election to stand upon the demurrer was disclosed, nor was any final judgment entered against him.  The record in that respect is precisely what it is in the case at bar.  In that case, the court said:

''It will be observed, from the statement of the case made

in our prior opinion, that a demurrer to defendants' answer was overruled, and that plaintiff, without any action by himself or by the court, shown by the record, by which he rested upon his demurrer, and by which he would be precluded from trying the issues raised by the answer demurred to, appealed from the decision. It will be readily understood that, in the absence of such action, plaintiff could have gone on and tried the issues raised by the answer demurred to, and that, if the appeal be entertained, he could at the same time try in this court the question of law raised by the demurrer. The decision on the demurrer did not finally dispose of the defense raised by the answer. The plaintiff is in the position of asking a trial of the issues of fact upon the answer and the issues of law upon the demurrer. This cannot be admitted. Under *Wilcox v. McCune,* 21 Iowa 294, cited in our first opinion, he must abandon his claim to try the issue of fact on the answer before he can appeal, and thereon claim a determination of the issue of law presented by the demurrer."

In *Goldsmith v. Wilson,* 82 Iowa 720, a similar record is presented, and the appeal was dismissed, under the authority of the *Seippel* case, supra. In *Thorpe Bros. & Co. v. Smith,* 86 Iowa 410, the *Seippel* case was again followed, and the appeal dismissed. In that case, the court said:

"The appellee has filed a motion to dismiss the appeal, on the ground that no judgment has been rendered, and the appellants failed to elect to stand on their petition. The motion is resisted on the ground that an appeal lies from an order sustaining or overruling a demurrer, and on the further ground that the ruling on the demurrer disposed of the case. Whether it did or not depended upon the volition of the plaintiffs. They had the right to amend their petition when the appeal was taken, and, so far as the record shows, may since have done so."

In *Roddy v. Gazette Co.,* 163 Iowa 416, the foregoing cases are largely reviewed and followed. They were again reviewed and followed in *Greeson v. Greeson,* 185 Iowa 1096.

The argument for appellant is predicated largely upon the terminology of Code Section 4101. That section provides, in terms, that an appeal may be taken to the Supreme Court from an "order which * * * sustains or overrules a demurrer." It is argued that this provision is definite and unqualified. If

the interpretation of this statute at this point were an open question, the argument would be an appropriate one; but it cannot be deemed as appropriate now, unless we are prepared to overrule the interpretation thereof which has been consistently followed for more than 40 years. Appellant lays some stress upon the case of *Western Sec. Co. v. Atlee,* 168 Iowa 650, 657. But the eminent counsel misconceives the real purport of that case. In that case, there was an order overruling the demurrer, and an exception to the ruling. Later, final judgment was entered against the appellant for want of pleading, and no exception saved thereto. The point was made by appellee against the appellant that, having failed to *except to the final judgment,* he was precluded from maintaining his appeal. We held that, inasmuch as the appellant had excepted to the ruling on demurrer and had submitted to final judgment thereon, this was sufficient evidence of election to stand, and that he had a right to appeal from the order, even though he had saved no exception to the judgment. If he had otherwise elected to stand on the demurrer, the entry of final judgment would not have been essential to his right of appeal from the adverse order; nor was he bound to appeal from the final judgment actually entered, in order to protect his right of appeal from the adverse order on the demurrer. Such, also, was the holding in *Cowen v. Boone,* 48 Iowa 350, supra.

In a word, in the *Western Securities* case the essentials to the right of appeal were declared to be: (1) Exception to the · ruling; (2) election to stand upon the pleading.

It is strongly urged by appellant that our previous decisions on this question are not in harmony. We have examined all the cases cited by appellant in support of such contention, and find none that *do* support it. From the rule laid down in the *Wilcox* case, supra, we find no deviation in principle in any of our later cases. The only apparent qualification of the rule is in the holding that, even though no formal election to stand upon the demurrer be made, yet, if it appears that the appellant suffered final judgment to be entered in the lower court for want of amendment or pleading, this will be deemed sufficient evidence of an election to stand. In the case at bar, there was neither a formal declaration of election to stand nor a final judgment dis-

missing the petition. The result is that the plaintiff failed to stand upon his demurrer. The cardinal principle of the rule thus established is that, in order to maintain an appeal from an adverse ruling on a demurrer, the appellant must stake his case upon the demurrer. Appellant complains, in argument, that this is a harsh rule, and for that reason ought not to obtain. If that were so, yet we are not, in the present case, making a rule. We are simply adhering to a long established one. True it is, as contended by appellant, that, if plaintiff goes to trial or pleads over, he waives his demurrer and his right to complain of the ruling thereon; and if he stakes his case upon the demurrer, in order to take the appeal, he waives the right to a trial on the facts. This is not so great a hardship as the appellant would make it. A ruling on a demurrer in and of itself settles nothing. It becomes an adjudication only if the defeated party chooses to make it such. He makes it such by standing upon his pleading. He has an equal right to choose to try his case upon its full merits, both of fact and of law. Though he thereby waives his demurrer and his right to appeal from an adverse ruling, yet he waives no legal right affecting the merits of his case. Whatever legal argument was involved in his demurrer is still available to him. The trial court which ruled adversely to him is not precluded from changing its views, upon the final submission of the case upon its merits. If, therefore, the complaining party is not willing to stake his case upon his demurrer, an appeal thereon would become merely a dilatory process. A ruling by us in such a case, like a ruling by the trial court, would settle nothing, if the appellant still had the right to a trial below upon the facts, and to dispute there the allegations which he has admitted by his demurrer. Unless the facts be found in accord with the allegations of the pleading demurred to, a ruling on demurrer to the pleadings would be wholly inapplicable. It is, therefore, in the interest of speedy litigation and of effective appellate procedure that the rule in such case should be just what it is.

It follows that the appeal must be—*Dismissed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.