JOHN M. HEMINGWAY, Intervener, Appellant, v. ADRIAN STATE BANK, OF ADRIAN, MINNESOTA, et al., Appellees.

NOVEMBER 20, 1928.

*Burnstedt & Hemingway*, for appellant.

*T. E. Diamond*, for Adrian State Bank, appellee.

*R. L. Saley*, for Irvin B. Bleeker, referee, appellee.

KINDIG, J.—Intervener-appellant's claim for an attorney's lien is based upon the following facts:

On the 24th day of April, 1926, the Adrian State Bank, of Adrian, Minnesota, appellee, was the owner of a $3,000 judgment in the district court of Franklin County, Iowa, against August H. Eichmeier. The judgment had existed for many years. During at least part of that time, including April 24, 1926, the judgment debtor, August H. Eichmeier, was the owner of an undivided interest in and to certain real estate in Franklin County. Accordingly, on that date the Adrian State Bank caused a writ of execution to be issued by the clerk of the district court and levied by the sheriff upon the equity of August H. Eichmeier in said real estate. At the time of the issuance and levy of the execution, there was pending in the district court of Franklin County a case entitled Baurer v. Fred Eichmeier *et al.*, in which the execution debtor, August H. Eichmeier, was a party defendant. Apparently the purpose of that proceeding was to partition the real estate. However, a sheriff's sale was duly held under the execution, and as a result thereof, the interest of August H. Eichmeier was sold to the Adrian State Bank. But after the issuance of the above-named execution, and before the sheriff's sale thereunder, appellant, as attorney for August H. Eichmeier, on the 28th day of June, 1926, commenced an action in the district court, to enjoin the sheriff from selling the realty. Nevertheless, no temporary injunction was issued in connection therewith, and the execution sale was duly held, as above indicated.

Pending the period of redemption, August H. Eichmeier entered into negotiations for a settlement with the Adrian State Bank, and on the 4th day of October, 1926, an adjustment was finally made, under which the bank obtained the real estate, and

Eichmeier received $700 in cash. To complete this transaction, Eichmeier executed and delivered to the bank a special warranty deed, conveying the land to it. And Eichmeier also filed an answer in the partition suit of Baurer v. Eichmeier *et al.,* supra, disclaiming any interest in the realty, because he had conveyed his rights therein to the bank. Furthermore, Eichmeier and the bank entered into a stipulation disposing of the injunction suit, whereby it was dismissed. All this Eichmeier did without the knowledge of his attorney, the appellant herein. So, in order to secure attorney fees in the sum of $1,200, alleged to have been earned in the injunction and partition suits aforesaid, appellant filed notice, on October 25, 1926, of an attorney's lien, in the office of the Franklin County district court clerk. In addition to the notice given said clerk, appellant, on the following day, caused service of the written notification to be made also upon Irvin B. Bleeker, referee in the partition proceedings, and T. E. Diamond, attorney for the Adrian State Bank. Thereafter, on the 31st day of January, 1927, the appellant filed in the partition proceedings his petition of intervention, seeking to foreclose his attorney's lien upon the real estate which formerly belonged to Eichmeier, but was afterwards, as before stated, conveyed by him to Adrian State Bank. That issue was tried, and the district court dismissed the petition of intervention.

I. Manifestly, the controlling fact in this controversy is that the settlement previously made between August Eichmeier and the Adrian State Bank was consummated on the 4th day of October, 1926, while the first notice of the attorney's lien in dispute was not served until the 25th day of the same month. An interval of 21 days intervened. Clearly, then, the adjustment was completed before appellant attempted to bring his lien into existence.

Section 10924 of the 1924 Code provides:

"An attorney has a lien for a general balance of compensation upon: * * * 3. Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services. 4.

After judgment in any court of record, such notice may be given, and the lien made effective against the judgment debtor, by entering the same in the judgment or combination docket opposite the entry of the judgment.''

Due to the fact that this lien is statutory, the necessary prerequisites and conditions precedent thereto must be fully, timely, and completely met. *Hurst v. Sheets & Trussell*, 21 Iowa 501; *Ward & Lamb v. Sherbondy*, 96 Iowa 477; *Phillips v. Germon*, 43 Iowa 101; *Gibson v. Chicago, M. & St. P. R. Co.*, 122 Iowa 565; *Jennings v. Bacon*, 84 Iowa 403. It is said in *Ward & Lamb v. Sherbondy*, supra:

''The notice for which the statute provides is effectual to create an attorney's lien only from the time it is served or given, and operates to create a lien on money in the hands of the person who receives it, subject to prior rights thereto. * * * The statute is not extended by the provisions of the common law, but is in lieu of them, and fixes the rights of the parties in interest. * * * It is insisted that the attorneys in question were entitled to an equitable lien for the services which they rendered their client, which should be enforced against the intervener. We do not think this claim is well founded. The statute provides for the only liens to which an attorney is entitled, and, to obtain them, the requirements of the statute must be observed.''

Necessarily, then, appellant cannot succeed because he did not serve that essential notice before the transfer of the property to the Adrian State Bank. By reaching this conclusion we do not decide that, in any event, an attorney can have a lien upon real estate in litigation. See, however, *McCormick & McCormick v. Dumbarton Realty Co.*, 156 Iowa 692; *Keehn v. Keehn*, 115 Iowa 467.

II. Claim is asserted by appellant that his demands in this regard were defeated through the fraud and collusion of the Adrian State Bank and Eichmeier. Basis for this allegation is said to exist because a settlement was entered into by those parties without appellant's knowledge.

There was a good-faith dispute at and before the time that harmonious arrangement was negotiated and consummated. Such misunderstanding arose over the question as to whether or not, by previous transactions, the $3,000 judgment was satis-

fied. A result of the compromise was a final disposal of those disagreements. Legal consideration for the settlement existed. Nowhere is there any intimation that the adjustment was made with the intent of preventing appellant from obtaining his fees. Proof is lacking that the Adrian State Bank knew the appellant had not been paid for the legal services rendered. (We do not mean to suggest or decide that such knowledge is material, but merely refer to it, for the purpose of disclosing the condition of the record.) While the partition and injunction actions were pending, there was nothing to hinder appellant from serving notice of his lien at any time he desired. No indication is made that the Adrian State Bank in any way persuaded him not to do this. Fraud and deceit do not appear, so far as the Adrian State Bank is concerned, and those vitiating factors did not enter into the contract of settlement, nor did they defeat appellant's lien. Collusion between the Adrian State Bank and Eichmeier being absent, the compact of compromise entered into by them was valid, and through it appellant lost his right to establish a lien upon the property, because notice was not given before the conveyance thereof. Apt language to substantiate the doctrine just announced is found in *Casar v. Sargeant,* 7 Iowa 317, to this effect:

"Before such notice [of an attorney's lien], in the absence of collusion between the parties, it is entirely competent for them to settle, without reference to the claim of the attorney for his fees."

Likewise, in *Cowen v. Boone,* 48 Iowa 350, the following consistent phraseology appears:

"Unless the prescribed notice has been given, the parties could settle and adjust the judgment or matter in controversy, without reference to the claim of the attorney for his fees."

III. Even though what has been said is true so far as the land is concerned, appellant contends that it does not defeat his right to establish the lien upon the $700 paid his former client, Eichmeier, by the Adrian State Bank, under the contract through which the partition and injunction suits were settled. With this idea we are

constrained to disagree. Lack of notice prevents such redress in this instance, the same as it did in the one previously discussed. Payment of the said $700 was provided for in the stipulation of settlement in this way:

"This instrument is to certify that the Adrian State Bank * * * hereby agrees to and will pay to August Eichmeier * * * the sum of $700 immediately after the bank has become satisfied from the proper records, or otherwise, that the [land] is unincumbered, unhypothecated, and clear of any and all liens * * * ."

As before stated, a deed was executed and delivered by Eichmeier to the Adrian State Bank October 4, 1926, and thereafter it was duly recorded, on the 6th day of the same month. Moreover, the answer of Eichmeier, disclaiming any further interest in the premises, also was apparently filed at or near the same time. Circumstantial evidence, then, would indicate that the $700 was paid at or before the time of that recording and filing. Otherwise, Eichmeier would not have reported to the court that he no longer had any interest in the subject of the partition suit.

The burden of proving this fact, however, was upon appellant, rather than the Adrian State Bank or the referee in partition. To put the thought in another way, it was essential that the appellant show such conditions as would bring into operation the machinery of Section 10924, supra. By "conditions" here is meant that there was "money due his [appellant's] client," Eichmeier, "in the hands of the adverse party," the Adrian State Bank, after appellant had given it "notice in writing." This is the statutory requirement.

Hence, appellant has not produced any evidence to the effect that the notice of his attorney's lien was served before the $700 was paid, nor does it anywhere appear that the Adrian State Bank at any time had possession of this money after it received appellant's notice. Therefore, appellant cannot recover now.

Other matters are argued, but because of the above and foregoing discussion, it is not necessary to dwell further upon them.

1314

· Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.

EVANS, J., not participating.