THORPE BROTHERS & COMPANY, Appellants, v. CYNTHIA SMITH, Appellee.

1. **Appeal:** RIGHT OF: RULING ON DEMURRER. An appeal from an order upon a demurrer will be dismissed where the record fails to show that such order was final.

2. ———: RECORD: AFFIDAVITS. The record of the district court in such case, that leave was granted to amend the pleading demurred to, cannot be contradicted by affidavits filed in the supreme court, showing that such leave was granted without the knowledge or consent of the attorneys.

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

TUESDAY, OCTOBER 18, 1892.

ACTION in equity to enforce against the property of the defendant a judgment rendered against her husband. From an order sustaining a demurrer to the petition the plaintiffs appeal.—*Dismissed.*

*S. T. Richards*, for appellants.

*Newberry Bros.* and *J. E. Corlett*, for appellee.

ROBINSON, C. J.—I. The petition alleges that on the twenty-seventh day of December, 1880, the plaintiff recovered in justice's court a judgment against the husband of the plaintiff; that a transcript of the judgment was filed in the office of the clerk of the district court of Clayton county on the twenty-seventh day of December, 1890; that the judgment was rendered on two promissory notes given by the husband for goods by him purchased for the use of the family of defendant; that they were used for the purpose for which sold, and that they were a part of the family expenses. A copy of the judgment is attached to the petition. The plaintiffs ask that the judgment be enforced to its full amount, including interest and costs, against the property of the defendant. The grounds of the demurrer were that the notes on which the judgment was rendered were not set out in the petition by copy or otherwise, that no bill of particulars showing the goods purchased was attached to the petition, and that the facts stated in the petition did not entitle the plaintiffs to the relief

1. APPEAL: right of: ruling on demurrer.

demanded. On the ninth day of April, 1891, the demurrer was submitted, and the proceedings had are shown by the record as follows: "Demurrer to the petition sustained. Plaintiff excepts. Leave to amend petition." An appeal was taken May 16, 1891. Whether there was any further proceeding the record fails to show. The appellee has filed a motion to dismiss the appeal, on the ground that no judgment has been rendered, and the appellants failed to elect to stand on their petition. The motion is resisted on the ground that an appeal lies from an order sustaining or overruling a demurrer, and on the further ground that the ruling on the demurrer disposed of the case. Whether it did or not depended upon the volition of the plaintiffs. They had the right to amend their petition when the appeal was taken, and, so far as the record shows, may since have done so.

II. The appellants have filed an affidavit, which states, in effect, that the order granting leave to amend 2. —: record: the petition was made without knowledge affidavits. or consent of their attorney, and that it was made with no intention to bind the plaintiff or prejudice his rights, as the attorney believes. It has been frequently held by this court that the record of the trial court cannot be contradicted, nor in any manner affected, by such means as those adopted in this case, and the affidavit can be given no effect. Whether, had the facts been as alleged in the affidavit, any different result could have been reached, we need not determine. It is true an appeal may be taken from an order which sustains or overrules a demurrer, but in such case the record must show that the ruling is final, and not in any manner waived. The question presented by the motion to dismiss was fully considered and determined in *Seippel v. Blake*, 80 Iowa, 143. That case is decisive of this, and the motion must be sustained. Dismissed.