MRS. L. D. RODDY, Appellant, v. THE GAZETTE COMPANY.

Slander and libel: MITIGATION: PLEADING: BURDEN OF PROOF. The publication of a retraction or correction of an alleged libelous article is a matter in mitigation of damages, to be pleaded by defendant as such, and the burden is upon him to prove the same.

Pleadings: MOTION TO STRIKE IMPROPER ALLEGATIONS. Allegations pleading evidence and inferences deducible therefrom should be stricken on motion.

Slander and libel: PLEADINGS: SUFFICIENCY. The appearance of an actress under an assumed stage name is not a crime; therefore a petition for libel specifically naming plaintiff as having been arrested for white slavery, and stating that she had a stage name, which was given, was not demurrable, on the theory that plaintiff was guilty of a crime by assuming a stage name.

Appeal: NOTICE: MISDESCRIPTION OF RULINGS AND JUDGMENT. All rulings of the court prior to judgment may be reviewed on appeal, and the fact that the notice of appeal misdated a ruling otherwise identified will not prevent its review. Nor will the fact that the date of the judgment was misdescribed in the notice of appeal constitute ground for dismissal, when the judgment was otherwise properly identified.

Appeal: NOTICE: TIME OF HEARING. The law fixes the term at which a cause shall come on for hearing on appeal, and a clerical error in the notice of appeal fixing the time is not material.

Same: APPEALABLE ORDERS. An order sustaining or overruling a demurrer is appealable; and where there is a failure to plead over after the sustaining of a demurrer all that need be shown to support the appeal is that the ruling was final.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, JANUARY 13, 1914.

ACTION for damages in consequence of an alleged libel.

A motion for more specific statement was sustained, and in pursuance of the ruling an amendment to the petition overruled. Thereupon defendant moved to strike portions thereof, and the first twelve grounds of the motion sustained; the thirteenth being overruled. To the petition with what remained of the amendment the defendant demurred, and as plaintiff failed to plead over, a dismissal was entered. The plaintiff appeals.—*Reversed.*

*R. S. Milner,* for appellant.

*Rickel & Dennis* and *Jamison, Smyth & Hahn,* for appellee.

Ladd, C. J.—I. As plaintiff complied with the order sustaining the motion for more specific statement, the error therein was waived.

That the trial may proceed in an orderly fashion, however, it may be as well to suggest that the publication of a retraction or correction is mere matter of mitigation, to be pleaded by defendant as such (section 3593, Code), and the burden is upon the defendant to prove the same. *Taylor v. Hearst,* 107 Cal. 262 (40 Pac. 392); *White v. Sun Pub. Co.,* 164 Ind. 426 (73 N. E. 890); *Tresca v. Maddox,* 11 La. Ann. 206 (66 Am. Dec. 198); Townsend on Slander and Libel, sec. 413; 25 Cyc. 424. The ruling by which the plaintiff was required to plead the retraction may be obviated by omitting evidence in its support on the trial, or that portion of the amendment may be withdrawn.

1. Slander and libel: mitigation: pleading: burden of proof.

Aside from striking allegations with reference to the retraction or correction said to have been published, the motion to strike portions of the amendment to the petition was rightly sustained, as pleading evidence and inferences to be drawn therefrom. This is so manifest that a detailed consideration of the several grounds is unnecessary.

2. Pleadings: motion to strike improper allegations.

II: The article alleged to have been published by defendant was headed: "Was this woman a resident of Cedar Rapids? Saphronie Lebeau arrested on white slavery charge. Story circulated that woman arrested in Chicago is local actress with same name and who had appeared at local theaters." Then follows an article purporting to have been copied from the Chicago Tribune, telling of the arrest of a person of that name in Chicago for having brought a young woman from Canada, and that the case against her had been set for trial and she released on bond. This was followed by an account of the sentence of a man by the court there for placing a girl from New York in a resort, and the statement that "both cases resulted from the fight headed by Clifford G. Roe against the traffic in girls in Chicago." This was added:

3. SLANDER AND LIBEL: pleadings: sufficiency.

### Is It a Cedar Rapids Woman?

There is a persistent rumor about the city that the woman mentioned above is Saphronie Lebeau, a stock company actress, whose home is in Cedar Rapids when she is not on the road. 'Lebeau' it is of course needless to state is a stage name. The real name of the Cedar Rapids Lebeau is Mrs. Roddy, she having been divorced from her husband several years ago.

Mrs. Lebeau was in Cedar Rapids on Monday or Tuesday of this week, but previous to that time had been absent from the city for some time, so it is stated. She has appeared at different theaters in this city, having played a week with the Frank Long Stock Company at the People's and another week with a different company at the Greene's. She has also appeared at the moving picture shows and is said to be a character artist of some ability. If there are two persons of the same name, the charge of course does the Cedar Rapids woman a gross injustice.

The demurrer to the petition as amended was on five grounds, the fifth of which was sustained and was: "That the plaintiff in using the name of Saphronie Lebeau, instead of her own true name, was committing a crime against the laws of Iowa, and she is estopped to complain if in doing this she

suffered an injury because of the similarity of the name with that of a person charged with being a disreputable character and a criminal.'' As doing business or appearing on the stage under an assumed name is not condemned by law, and as the injury ordinarily consequent from publishing a libel is not to the name alone, the court erred in sustaining the demurrer. 29 Cyc. 270. Such injury is oftener to the character or reputation. Moreover, the plaintiff was specially named as supposed to be the person arrested. The ruling was erroneous.

III. According to appellee's additional abstract, the demurrer was sustained, January 31, 1912, and as plaintiff failed to plead over, judgment dismissing the petition as amended was entered May 10, 1912. As appellant's abstract recites that the ruling on the demurrer was on January 13th instead of January 31st, this is made one of the grounds of the motion to dismiss the appeal. Any rulings of the trial court in the cause prior to final judgment may be challenged on appeal. Even if this were not so, the notice of appeal recites that it is taken from ''all . . . rulings'' made, and it is not claimed that the demurrer was not sustained, as stated in the abstract, though this may have been on a different day. The point is not well taken. A misdescription of the date of a judgment in a notice of appeal is not ground of dismissal if the judgment is otherwise sufficiently identified. *Swasey v. Adair,* 83 Cal. 136 (23 Pac. 284); *The Latona v. McAllep,* 3 Wash. T. 332 (19 Pac. 131); *State v. Hanlon,* 32 Or. 95 (48 Pac. 353); *Anderson v. Board of Commissioners,* 46 Minn. 237 (48 N. W. 1022).

4. APPEAL: notice: misdescription of rulings and judgment.

Much less should the mere transposition of the figures in the date of a ruling, probably due to a slip of the pen, be deemed fatal to a review of an error assigned, when the ruling is otherwise conclusively identified.

The notice of appeal though served in September, 1913, and from a judgment entered May 10, 1912, recited that the

cause would come on for hearing "at the January, A. D. 1912, term thereof to be begun and holden at the time of Supreme Court rooms in the Capitol at Des Moines on Tuesday, January 14th, second Tuesday. in January, 1912." The clerical error in fixing the date a year too early is of no consequence, as the law fixes the term at which the cause will come on for hearing. See *Harrison v. Palo Alto County,* 104 Iowa, 383, which is precisely in point.

5. APPEAL: notice: time of hearing.

Again it is said that, as plaintiff did not elect to stand on the order sustaining the demurrer, the ruling cannot be reviewed. "An order which . . . sustains or overrules a demurrer" is appealable. Paragraph 3, sec. 4101, Code. Under previous decisions the ruling must have disposed of the issue involved, either by the entry of final judgment, as in *Hampton v. Jones,* 58 Iowa, 317, where a judgment was entered, and no election to stand on the ruling; or, as in *Cowen v. Boone,* 48 Iowa, 350, where there was an election to stand on the ruling, but no judgment. All necessary to be shown, in order to support an appeal from a ruling on a demurrer, is that the ruling was final. *Seippel v. Blake,* 80 Iowa, 142; *Thorpe Bros. & Co. v. Smith,* 86 Iowa, 410. As the petition as amended was dismissed because of failure to plead over, the ruling was final, and the motion to dismiss the appeal must be, and is, overruled.— *Reversed.*

6. SAME: appealable orders.

EVANS, PRESTON and WEAVER, JJ., concur.