FAIRMONT CREAMERY COMPANY, Appellee, v. H. C. DARGER et al., Appellants.

**APPEAL AND ERROR:** Decisions Reviewable—Order Overruling Motion for Directed Verdict. An appeal will not lie from an order overruling a motion for a directed verdict.

**APPEAL AND ERROR:** Decisions Reviewable—Order Overruling Motion for Judgment on Pleading. Demurrer to the *issues* is not allowable. Therefore, a motion for judgment on the pleadings, consisting of petition and answer on the merits, may not be treated as a demurrer, and an order *overruling* such motion is not appealable.

**APPEAL AND ERROR:** Decisions Reviewable—From Final Rulings Only. Appeals are allowable only from final rulings. So held in an attempted appeal from an order *overruling* a motion for judgment on the pleadings, consisting of petition and answer on the merits.

*Appeal from Carroll District Court.*—F. M. POWERS, Judge.

WEDNESDAY, DECEMBER 13, 1916.

THE facts sufficiently appear in the opinion. The defendants appeal.—*Dismissed.*

*George Cosson,* Attorney General; *C. A. Robbins,* Assistant Attorney General; *L. H. Salinger, O. W. Emmons* and *Lee & Robb,* for appellants.

*W. C. Saul, Douglas Rogers* and *E. J. Haines,* for appellee.

LADD, J.—The plaintiff is a corporation of Nebraska, with its principal place of business in the city of Omaha, and

engaged generally in the creamery business in Iowa, as well as elsewhere. It was indicted December 7, 1912, for unfair discrimination, in that, as was alleged, it had paid more for cream or butter fat in one locality than in another, in the absence of differences in grade or quality or cost of transportation—not to meet competition, but to crush a competitor. On trial, the court, on motion of the State, directed an acquittal, and in this action damages are claimed, for that, as is alleged, the prosecution was malicious and without probable cause. Issues were joined, and, after a jury was impaneled, evidence in behalf of plaintiff was introduced, tending to sustain the allegations of the petition. When plaintiff rested, defendants moved that a verdict be directed, on the ground that a corporation cannot maintain an action for malicious prosecution, for that its property cannot be seized nor its person arrested, and this is neither alleged nor proven, and the damages are only those incident to all litigation. This motion was overruled, and defendants examined one witness concerning plaintiff's reputation for honest and fair dealing, when a juror was taken ill, and the trial discontinued. Defendants then renewed the above motion, which was overruled, and later moved for judgment on the pleadings, on the grounds that: (1) The action is for personal injury, and a corporation cannot maintain such an action; (2) no interference with person or property is alleged; and (3) the wrong, if any, is only such as suffered in civil actions. This motion was overruled. The defendants thereupon appealed. The plaintiff moves that the appeal be dismissed, on the grounds that neither of the orders entered is appealable, and defendants did not elect to stand on the ruling, and no final order or judgment was entered.

1. APPEAL AND ER-
ROR: decisions
reviewable: or-
der overruling
motion for di-
rected verdict.

I.   An order overruling a motion to direct a verdict is not appealable. *Eggert & Lockwood v. Interstate Inv. & Dev. Co.*, 146 Iowa 481; *Bussell v. City of Fort Dodge,* 126 Iowa 308.

II.  Had the motion for judgment on the pleadings been sustained, an appeal might have been taken from the judgment, under Section 4100 of the Code.  *Scott v. Wilson,* 150 Iowa 202; *In re Estate of Kennedy,* 154 Iowa 460.  It was overruled, and appellants concede that the order so doing may be adjudged appealable only on the theory that the motion be construed as equivalent to a demurrer. The trouble with this is that a demurrer is directed at a pleading, as the petition, answer or reply, and not to the issues joined by the several pleadings.  Section 3561, Code, 1897.

2. APPEAL AND ERROR: decisions reviewable: order overruling motion for judgment on pleading.

Counsel might have withdrawn the answer, having obtained leave, and then have interposed the demurrer; but our system of pleading does not allow a party to answer on the merits and demur to the petition at the same time.  Nor does it permit a demurrer to the issues, as was undertaken in this case.  For these reasons, the motion may not be construed as in the nature of demurrer, and the order was not appealable.

III.  There is another reason for sustaining the motion: i. e., no final ruling was entered.  Every right of each party continues as before such order was entered, and no obstacle to the disposition of the case on its merits was interposed.  That an appeal may only be taken after a final order is entered, appears in the following decisions:  *Roddy v. Gazette Co.,* 163 Iowa 416; *Thorpe v. Smith,* 86 Iowa 410; *Quinn v. Capital Ins. Co.,* 82 Iowa 550; *Seippel v. Blake,* 80 Iowa 142.

3. APPEAL AND ERROR: decisions reviewable: from final rulings only.

The motion to dismiss the appeal is—*Sustained.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.