THEODORE GREESON et al., Appellants, v. REASON E. GREESON et al., Appellees.

**APPEAL AND ERROR:** Record—Failure to File Abstract in Time—
1 **Waiver.** An appellee, by filing an amendment to appellant's abstract, thereby waives his right to later move to dismiss the appeal because of the belated filing of the abstract.

**APPEAL AND ERROR:** Appealable Judgment—Review. An appeal
2 from ruling on a demurrer will be dismissed for want of an ap-

pealable order, where, on the ruling sustaining the demurrer, the plaintiff did not elect to stand upon the petition, and the court did not enter a dismissal of the petition nor enter a judgment of any kind.

*Appeal from Shelby District Court.*—J. B. ROCKAFELLOW, Judge.

APRIL 12, 1919.

ACTION for partition. A demurrer to the petition was sustained. From such ruling, the plaintiffs have appealed. Appellees have filed a motion to dismiss the appeal, which is well taken, and the appeal is dismissed.—*Dismissed.*

*Forney & Snipe* and *G. W. Cullison,* for appellants.

*Thomas H. Smith,* for appellees.

PRESTON, J.—The petition alleges, substantially, that Daniel Greeson died testate, February 14, 1881, seized in fee of the real estate in Shelby County, Iowa, sought to be partitioned, describing it; that he left surviving him a widow, Catherine Greeson, and children, who are named; that said deceased left a will, in the following words:

"I, Daniel Greeson, of Clay Township, Morgan County, Indiana, do make and publish this, my last will and testament.

"First. It is my will that my wife, Catherine Greeson, shall have and control all my property, both real and personal, for the maintenance of herself and minor children.

"Second. That my wife, Catherine Greeson, as executrix, shall not be required to give bond.

"In testimony hereof I have hereunto set my hand and seal this first day of February, 1881.

"[Signed]   Daniel Greeson.

"Witnesses:  W. C. Greeson and Wm. F. Ritchey."

The petition further alleges that said will was duly probated in Shelby County, Iowa; that defendant Kenkel claims

to have some interest in said real estate by virtue of a warranty deed from Catherine Greeson, dated November 4, 1881, and duly recorded; that the said Catherine Greeson died in 1906; that whatever interest or title said Kenkel may have in said real estate is junior and inferior to the right and title of plaintiffs, and to that of the defendants who are heirs of said Daniel Greeson; and that said Kenkel has no interest in said real estate. Other usual allegations of a partition petition are made, and the usual prayer, and that the title of plaintiffs and the defendants other than Kenkel be quieted, as against adverse claims of said Kenkel.

Defendant Kenkel demurred to the petition, on the following grounds:

1.   That the facts stated in plaintiffs' petition do not entitle plaintiffs to the relief therein asked.

2.   That the will of Daniel Greeson, set out in Paragraph 3 of plaintiffs' petition, gave to his wife, Catherine Greeson, a fee simple estate to all of the property of said Daniel Greeson.

3.   That, by virtue of the warranty deed given by Catherine Greeson, said warranty deed being referred to in Paragraph 6 of plaintiffs' petition, the grantee therein, Bernard Kenkel, the said grantee therein, being this defendant, obtained the fee simple title to the land described in said warranty deed as of date November 4, 1881, and the plaintiffs herein and codefendants have no interest whatever in said described real estate.

On June 7, 1917, the trial court filed a written opinion and ruling upon said demurrer, as follows:

"This cause coming on for the judgment and ruling of the court upon the demurrer to the plaintiffs' petition filed by the defendants herein, the same having been fully argued and submitted, with the agreement that the same might be decided in vacation, and the court being of the opinion that Catherine Greeson, widow of the decedent, Daniel Greeson,

was, by the last will and testament of the decedent, Daniel
Greeson, vested with the power of selling the real estate in
question for the support of herself and minor children, and
the court being of the further opinion that the deed from
Catherine Greeson to Bernard Kenkel is presumed, as a mat-
ter of law, to have been executed in pursuance of the power
vested in Catherine Greeson under the will of said Daniel
Greeson, deceased, and that the same vested in Bernard
Kenkel the fee title to the real estate set out in the plaintiffs'
petition, the court reaches the conclusion of law that, as the
plaintiffs' petition does not show any interest to be in the
plaintiffs, or any of them, in the land in controversy, and
that no cause of action is shown in the said petition in favor
of the plaintiffs, or any of them, the demurrer of the defend-
ants to the plaintiffs' petition, ought to be, and the same
is hereby, sustained, to all of which the plaintiffs, at the
time, duly except."

Appellees' motion to dismiss, or affirm, is upon three
grounds: (1) That appellants failed to file abstract 30 days
prior to the second term after the appeal was taken; (2) that
the order of the trial court simply sustained the demurrer,
and plaintiffs did not elect to stand on their petition, and
no final judgment was rendered, from which an appeal could
be taken; (3) that plaintiffs waived their right of appeal
by payment of the costs in the district court.

1. The record shows that the abstract was not filed
within the time required by the rules. Appellants contend
that appellees' motion to dismiss comes too late, and should
not be sustained, on that ground; that ap-
pellees permitted appellants to proceed, and
appellants did proceed, to print and file their
abstract and argument, before appellees filed
the motion to dismiss. As to this, the coun-
sel who now appears in this court says that he did not know
that the appellants' abstract and argument had been served

1. APPEAL AND
ERROR: record:
failure to file
abstract in time:
waiver.

or filed; that they were served upon another of appellees' counsel, who is not now appearing in this court, but who was the attorney of record in the district court. But appellees did file an amended abstract in August, 1918, which was before the motion to dismiss. The ruling on the demurrer was June 7, 1917, the notice of appeal was served October 5, 1917, and the motion to dismiss was not filed until October 8, 1918, which was, in March, 1919, ordered submitted with the case. This was after appellees' filings. Under our holding in the case of *Armentrout v. Baldwin*, 163 Iowa 410, and cases there cited, appellees have waived their right to have the case affirmed or dismissed on motion as to this ground.

2. It appears, from the vacation ruling before set out, that plaintiffs did not elect to stand upon their petition, nor did the court enter a dismissal of the petition, nor render judgment of any kind. Appellants argue that, having served notice of appeal, and filed their abstract and argument, they thereby elected to stand upon their petition. Such was the situation in the cases, or some of them, to be presently cited. It might be argued as well, perhaps, that, because appellants paid all the costs in June, 1917, a few days after the ruling, and did not serve notice of appeal until about four months thereafter, they had abandoned their appeal. Appellants further contend that a ruling on a demurrer is appealable. This is true, of course, if the proper record is made. Appellants cite *Roddy v. Gazette Co.*, 163 Iowa 416, from the syllabus of which they quote that "all that need be shown to support the appeal is that the ruling was final." In the *Roddy* case, however, judgment dismissing the petition was entered, although the plaintiff did not elect to stand on the order sustaining the demurrer. The cases cited in the *Roddy* case, in regard to the sentence just quoted, are *Seippel v. Blake*, 80 Iowa 142, and *Thorpe Bros. v. Smith*, 86 Iowa 410. In the *Seippel* case,

2. APPEAL AND
ERROR: appeal-
able judgment:
review.

the appeal was dismissed because the record showed that plaintiff did not elect to stand upon his demurrer, and have the fact shown of record. In the *Thorpe* case, there was neither election nor judgment of dismissal upon the sustaining of a demurrer to the petition, and the motion to dismiss in this court was sustained. In that case, counsel argued, as they do here, that the ruling on the demurrer disposed of the case; but the court said that whether it did or not depended upon the volition of the plaintiffs, and that they had the right to amend their petition. So it is here. These plaintiffs had the right to amend, and allege that they were mistaken as to some of the averments of their petition, or attempt to make a case on paper. It was further said in the *Roddy* case, at page 420, that, under previous decisions, the ruling must have disposed of the issue involved, either by the entry of final judgment, as in *Hampton v. Jones*, 58 Iowa 317, where a judgment was entered, and there was no election to stand on the ruling, or as in *Cowan v. Boone*, 48 Iowa 350, where there was an election to stand on the ruling, but no judgment. See, also, *Fairmont Cr. Co. v. Darger*, 178 Iowa 732, 734, as sustaining our conclusion. That was an appeal from an order overruling a motion for a directed verdict, and for judgment on the pleadings. One of the grounds for sustaining the motion to dismiss the appeal was that no final order was entered. Our holding at this point renders it unnecessary to determine the effect of the payment of the costs. The appeal is—*Dismissed*.

LADD, C. J., EVANS and SALINGER, JJ., concur.