C. F. HAGEDORN, Appellant, v. OLIVER BINGHAM et al., Appellees.

**TRIAL:** Transfer of Causes—Erroneous Transfer of Fact Case. The transfer to equity of a pure fact case in a law action constitutes reversible error.

STEVENS, J., dissents on the particular facts presented by the case.

Headnote 1:   38 Cyc. p. 1293.

*Appeal from Carroll District Court.*—M. E. HUTCHISON, Judge.

APRIL 7, 1925.

ACTION upon a promissory note. The facts are stated in the opinion. Judgment condemning the proceeds of the note in favor of attaching creditors, and the plaintiff appeals.—*Reversed.*

*Thomas H. Smith,* for appellant.

*Douglas Rogers,* for appellee.

*O. W. Emmons* and *P. H. Jones,* for interveners.

STEVENS, J.—I. Two questions are presented for decision on this appeal. One, did the court err in transferring the cause to the equity docket for trial; and the other, should judgment have been entered in favor of the plaintiff, instead of in favor of the interveners?

On January 18, 1922, the defendant, Oliver Bingham, executed a promissory note to H. F. Hagedorn for $625, payable March 1st of the same year. The consideration for the note was certain electric light and steam equipment and other property attached to a farm in Carroll County owned by appellant, which, prior to the above date, he had sold to the appellee Bingham. H. F. Hagedorn was a tenant on the farm, and claimed to be the owner of the personal property above described. A contract written on the back of the instrument pro-

HAGEDORN v. BINGHAM. [199 Iowa

vided that, in the event the property was not in good condition, the note should be null and void. Prior to the commencement of this action, C. H. Reinholdt & Company and Lewis-Reinhold Company commenced separate actions against Herman F. Hagedorn, the latter aided by attachment. On the day the writ was issued, Bingham was garnisheed as the supposed debtor of the defendant in that action. On January 28th, C. H. Reinholdt & Company, who had previously obtained judgment against H. F. Hagedorn, also garnisheed Bingham on execution as the supposed debtor of the defendant in that case. The garnishee failing to appear, judgment was entered against him in favor of each of the attaching creditors. On July 8, 1922, which was prior to the commencement of this action, the garnishee paid $520 into court, and set up a counterclaim against the note of $125. Thereafter, Lewis-Reinhold Company and C. H. Reinholdt & Company intervened in this action, setting up their respective attachments and judgments against the garnishee, and asking that the funds in the hands of the clerk be condemned and applied in payment thereof in the order of the priority of their liens. In this situation, Bingham moved the court to transfer the cause to equity for trial. This motion was sustained.

Appellant complains of this ruling. The action upon the note was, of course, properly commenced at law; but the defendant had already paid into court $520 of the amount claimed. The controversy between appellant and the defendant, therefore, related only to the offset claimed by the latter. Appellant does not ask this court to review the finding of the lower court allowing the offset to defendant; so that the only vital question for decision below was, to whom did the fund belong? Appellant claimed it as the transferee of the note, and each of the interveners contended that the transfer of the note from H. F. Hagedorn to appellant was made, if at all, after the lien of their respective garnishments attached to the fund. Bingham sought to have the judgments entered against him as garnishee canceled and set aside.

The sole question of fact to be determined in the case was whether the note was transferred by the payee to appellant on the date claimed, or prior to the garnishments. This question arose on the law side of the docket. A majority of the court

are of the opinion that, notwithstanding the fact that there were possible equitable issues presented, and properly transferred to the equity side of the docket, the court should have submitted to the jury the question of fact above suggested. The writer is of the opinion that the relief asked by Bingham was equitable in character, and that, the transfer of the whole case having been made to the equity side of the docket, the court might very properly retain jurisdiction of the issue of fact, and determine it in connection with the equitable issues.

Other matters discussed by appellant will be given no further consideration. As the case was improperly transferred to the equity docket, a reversal must follow. The cause is, therefore, reversed, with directions to the court below to try at law the issue as to whether the transfer of the note to appellant was made prior to the garnishments.—*Reversed.*

FAVILLE, C. J., and EVANS, DE GRAFF, and VERMILION, JJ., concur.