W. T. Benjamin, Appellant, v. Fred Jackson et al., Appellees.

February 5, 1929.

582

*E. H. Pollard*, for appellant.

*John P. Hornish*, for appellees.

Evans, J.—In December, 1927, the plaintiff filed a pleading in the district court of Lee County, under the following title:

"W. T. Benjamin, Plaintiff, v. Fred Jackson and Mrs. Fred Jackson, his wife, Toker Jackson and Mrs. Toker Jackson, his wife, Bart Jackson, Logan Jackson, Clarence Jackson and Frances Jackson, his wife, Otto Kempkes, Mary Kempkes, Dorothy Kay, Roy Kay, Rachel Jackson, and Charles Jackson, Defendants."

The pleading purported to be an amendment of a previous petition in a case bearing a similar title, except that such previous petition named as defendants Rachel and Charles Jackson, and none other. "Original notice" was served upon all the defendants named in said pleading. The pleading asserted the title of plaintiff in certain land held in the possession of the defendants, and plaintiff prayed that his title be quieted. The pleading described these defendants as the heirs at law of Rachel and Charles Jackson, who died while in the adverse possession of the land. On February 6, 1928, the defendants appeared, and filed a motion to dismiss the petition, on two grounds: (1) That it appeared upon the face of the pleading that the plaintiff had no title or interest in the subject-matter.; (2) that it appeared that the cause was barred by the statute of limitations. Thereupon, and upon the same day, the plaintiff filed a motion that the defendants named in his pleading be substituted as defendants, in lieu of Charles and Rachel Jackson, in a certain case brought in the same court in the year 1902, and entitled "W. T. Benjamin, Plaintiff, v. Rachel Jackson and Charles Jackson, Defendants," and that said cause be reinstated, for the purpose of the substitution prayed.

It appears that, in 1902, the plaintiff brought such action, and that Rachel and Charles Jackson appeared thereto and filed a motion. The case was not further prosecuted, and disappeared

from the calendar of the court in the year 1905, without the making of any entry or order therein. The petition filed in 1902 against Rachel and Charles Jackson was in equity, and in two counts. The first count asserted that the defendants went into possession of the land in controversy in the year 1895, in violation of the conditional delivery of a contract of sale mutually executed between Rachel Jackson and one Donnell, the then owner of the land, in that the contract called for a present payment of $15 upon the contract, and that Rachel failed to pay the same. The contract is set forth in that petition. It recited a consideration of $100, and acknowledged the receipt by Donnell of $15. Deed was to be executed upon payment of the balance of the purchase price. No deed was ever executed. Rachel went into possession under the contract. It had no forfeiture provision. The plaintiff averred that he had acquired the title of Donnell, and purported to set forth an abstract of his title. In his second count, the plaintiff prayed that, if his assertion of title were denied, he be allowed foreclosure of the contract. As a basis of this relief, he averred that he was the owner of the contract by an assignment from the administrator of Donnell. Rachel Jackson died in 1923. Such was the antecedent record when plaintiff filed his pleading in December, 1927. The evident objective of the plaintiff was to so connect his proceeding against the present defendants with the proceeding instituted 25 years ago, against their parents, as to make each a part of the other. The title has its importance in fixing the identity of a case. The later pleading of the plaintiff, in December, 1927, as captioned and titled, was, on its face, not entitled to a filing in the case of W. T. Benjamin v. Rachel Jackson and Charles Jackson. Doubtless it could have been amended, by proper orders of the court, and the two proceedings could have been connected by proper procedure. But no offer to amend was made. Even the motion for substitution and reinstatement was made, not under the original title of the old case, but under the title of the new pleading. The plaintiff's procedure was, therefore, clearly irregular. Whether fatally so, we shall not have occasion to consider.

The court denied the motion of the plaintiff. It sustained the motion of the defendants, which was an equitable demurrer. It is from these rulings that the plaintiff has appealed. A rul-

ing on a demurrer is not appealable unless the appellant elects in the district court to stand upon the ruling. *Devoe v. Dusey*, 205 Iowa 1262; *Hansen v. Independent Sch. Dist.*, 193 Iowa 417. This was not done by the plaintiff. Notwithstanding the ruling on the demurrer, the plaintiff had a right to plead over. He had need to plead over. The pleading upon which he stood before the court did not show identity with the former cause of action against Rachel Jackson. On the contrary, such identity was negatived by the very title of the pleading. It appeared also that there was pending in the same court an action brought by plaintiff in August, 1927, against some of these defendants, for the possession of the same property.

In denying the plaintiff's motion, the court found, upon the whole record before it, that the former case had been dropped from the calendar for want of prosecution, and that this oper-

ated as a dismissal. Appellant complains that the court had no right to reach such a conclusion without evidence, in view of the silence of the record, and that it had no right to take notice of the other pending suit without proof. The plaintiff, however, has confirmed here the fact thus found by the court, and has set forth a copy of his petition in that case. The appellant has thereby rendered it apparent that the alleged error was nonprejudicial. If we were to reverse and remand on account thereof, formal proof of the pending suit could be offered, and the case would stand just as it now is. The plaintiff having essayed in his abstract to cure the error, by setting forth the actual record, we shall accept his version thereof. With this version before us, it would be an idle procedure for us to reverse on this ground.

On the question of whether the old cause was eliminated from the calendar for want of prosecution, there are circumstances which inhere in the record. The trial court properly

took notice of them. The fact that no attention was ever given to the case for a period of more than 25 years after its beginning, and for more than 4 years after the death of the last defendant therein, is itself a significant circumstance, and calls for explanation from the plaintiff, rather than additional proof from

the defendants. The plaintiff is the only surviving party of the old case, and presumptively he alone knows why the case was not prosecuted. If there was any other cause for the long delay than a mere failure to prosecute, or an actual intent to abandon, it was necessarily known to the sole plaintiff. The rules of the court as to failure of prosecution are not disclosed. They were presumptively known to the district court. The beginning of an original action at law against some of the defendants in August, 1927, for the possession of the same property, was clearly inconsistent with the contention that the old case was still pending. We are clearly of the opinion that we would not be justified in reversing the finding of the district court at this point. This finding was, in substance, that, under the circumstances preceding and following the elimination of the case from the docket, such elimination had operated as a dismissal thereof, many years ago. In view of this conclusion, we have no need to give consideration to other features of the case, none of which present a persuasive appeal in favor of a reversal.

The order of the district court is—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.