JOHN A. BENSON et al., Appellees, v. CHARLES WEITZ' SONS et al., Appellants.

No. 39085.

APRIL 2, 1929.

Rehearing Denied June 24, 1929.

*O. M. Brockett,* for appellants.

*Stewart & Hextell,* for appellees.

Kindig, J.—Originally this proceeding was commenced by the plaintiffs-appellees against the defendants-appellants as an action at law. The right of recovery was based upon an alleged oral contract of hiring, whereby the appellee Benson assisted the appellants in performing their contract with the government of the United States. This undertaking involved the construction of an army cantonment known as Camp Dodge. One half of the sum alleged to be due thereon was assigned to Edward Marxer by the appellee Benson, but said assignee afterwards died. His administrator again transferred such interest to the appellee Pauline Marxer. Hence the appellees, John A. Benson and Pauline Marxer, were both plaintiffs.

On the 27th day of January, 1927, a jury trial of the legal issues began. That proceeding extended over several days, and at the end of the appellees' testimony, the appellants presented a motion for a directed verdict in their favor. Then, on Monday morning, January 31st, the trial court suggested that the motion should be sustained. Nevertheless, without making a formal entry to that effect, that tribunal continued his observations by saying to the litigants and their respective attorneys:

"Now we are all here. We are all in court, and the suit has been started. If it is your wish in the matter, it wouldn't make any difference to me. * * * I am willing to proceed and determine as an equitable proposition. If not * * * I will permit the plaintiff to take such action as he wishes to save his cause of action."

As a result of this suggestion on the part of the court, a rather lengthy colloquy was engaged in by the judge and the respective attorneys. Finally, however, the jury was dismissed.

Appellees were thereupon permitted to amend their petition and file a motion for the purpose of accomplishing the transfer from law to equity. Subsequently, on the next day, February 1st, appellees filed their amendment, together with the motion to transfer. In opposition thereto, on February 5th, appellants made their motion to strike such amendment, and for judgment on the record. Thereafter, on February 6th, appellants offered their resistance to appellees' motion, asking for a transferring of the cause. Also, on February 24th, appellants filed an amendment to their motion for judgment on the record; and again, on the 25th, a second amendment thereto was filed. Accordingly, June 4, 1927, the district court overruled appellants' motion, allowed appellees' application to amend, and transferred the cause to equity. It is from the court's rulings and other judicial actions aforesaid that the appeal is taken.

Six assignments of error are made. Of these, two relate to the trial court's refusal to direct a verdict, two concern the action of the district court in discharging the jury without directing a verdict or submitting the cause to them for their finding, one refers to the court's failure to strike appellees' amendment after trial, and one deals with the failure of the court to sustain appellants' motion for judgment on the record. Attention is here especially called to the fact that no error is assigned specifically because the district court transferred the cause from law to equity.

Convenience demands that the foregoing assignments be discussed according to their relevancy with each other, rather than in the chronological order named.

I. First, it is to be determined whether an appeal will lie from an order overruling a motion for a directed verdict, because appellants' first complaint involved that question. Such inquiry is not new, for this court has previously decided that an appeal will not lie from a decision of that kind. *Fairmont Creamery Co. v. Darger*, 178 Iowa 732. Therein it is said:

"An order overruling a motion to direct a verdict is not appealable. *Eggert & Lockwood v. Interstate Inv. & Dev. Co.*, 146 Iowa 481; *Bussell v. City of Fort Dodge*, 126 Iowa 308."

Manifestly, then, that portion of appellants' assignment of error cannot be considered on this occasion.

II. So, too, an order refusing to strike a pleading cannot be reviewed on appeal. Therefore, that assignment is of no avail to appellants. *Morrison v. Carroll Clinic,* 204 Iowa 54. Within that opinion is the following language:

"In general, an order overruling a motion to strike is not appealable."

III. Likewise, an appeal cannot be taken from the refusal of the district court to give appellants a judgment on the pleadings or on the record. *Fairmont Creamery Co. v. Darger,* supra. Necessarily, then, there is nothing for us to review in reference to those matters.

IV. However, appellants suggest that an order transferring a cause from law to equity is appealable. Undoubtedly that is true when proper objection is made and exception taken. *Price v. Aetna Insurance Co.,* 80 Iowa 408; *In the Matter of Bradley,* 108 Iowa 476; *Hagedorn v. Bingham,* 199 Iowa 993; *In re Estate of Watters,* 201 Iowa 884.

V. Obviously, however, that principle is not applicable here, because appellants made no objection to the transfer from law to equity, except that they were entitled to a directed verdict. To put the thought in another way, appellants did not complain that the court's action in this respect would deprive them of the right to a trial by jury, nor did they suggest in their resistance to the transfer that appellees' amended pleading did not raise an equitable issue. Throughout the proceeding, including the motion to strike the pleading, objection to the change from the law to the equity calendar in the court below, and in the assignments of error in this court, appellants continually and persistently make the question of the directed verdict the burden of their complaint. Objection to the change of calendar was not even made in general terms, but was specifically confined to the one proposition relating to the directed verdict. Wherefore, the district court was not informed that appellants had any protest to make because the new pleading did not raise an equitable issue. Nor

did that tribunal know that appellants claimed to have been entitled to, or deprived of, a jury trial. Those exceptions were not raised in the court below, and therefore cannot now be presented here. The rule is so well established that citation of authority is not necessary.

VI. But appellants do make the district court's action in discharging the jury the basis for an assignment of error. Nevertheless, in reference to that contention, it has been judicially said that, under proper conditions and circumstances, a trial court may discharge a jury and transfer the cause to equity, even though evidence has been taken. Especially is this true if the new issue becomes apparent during the trial for the first time. *Lutton v. Baker*, 187 Iowa 753; *Weaver v. Kintzley,* 58 Iowa 191; *Barnes v. Hekla Fire Ins. Co.*, 75 Iowa 11. Amendments may be allowed even after a motion for a directed verdict. *Holtz v. Smith-Morgan Ptg. Co.*, 150 Iowa 91. If new issues are thereby raised, no doubt the adverse party is entitled to a continuance at the pleader's costs, but no complaint is made here in reference to that.

At the close of the appellees' testimony, appellants moved for a directed verdict. An amendment raising an issue in equity was suggested by the court, to meet certain evidence brought out during the trial. Willingness to so plead was indicated by the appellees. Resultantly, the trial court announced that the cause would continue on the equity side of the calendar. Consequently, an amendment was filed by appellees. Unfairness, arbitrariness, or irregularity on the part of the court does not appear. More surely must this be true when appellants themselves suggested at least a temporary continuance, and invited the court to call other juries to try different lawsuits.

Assuming, without deciding, that appellees' amendment raised an equitable issue, it should be tried as such, provided that there was no waiver or estoppel. Obstacles of that kind do not appear. Under the condition of the record here presented, we are constrained to hold that the trial court did not exceed its discretion in discontinuing the jury trial.

Therefore, the judgment and decree of the district court

should be, and hereby is, affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, WAGNER, and GRIMM, JJ., concur.