A. R. FRAZIER, Administrator de bonis non, et al., Appellees, v. B. J. WOOD, Special Administrator, Appellee; W. N. GRAVES, Executor, et al., Appellants.

No. 41645.

APRIL 4, 1933.

Bolter & Murray, J. A. Murray, and Robertson & Wolfe, for appellants.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellees.

KINDIG, C. J.—James W. Read died testate November 7, 1892. His will was duly admitted to probate. May Hill, a daughter of the testator was named in the will as a beneficiary. Among the properties thus received by May Hill through the will of James W. Read, deceased, was the sum of $5,732.97 in personal property. This personal property was received by May Hill, and by her invested, and reinvested, so that at her death, on September 4, 1930, she owned the original property together with the accumulations thereon. She died testate.

Upon the death of May Hill, W. N. Graves, defendant-appellant, was duly appointed executor of her estate. C. N. Wood, Mrs. C. N. Wood, W. N. Graves, Mrs. W. N. Graves, Frank Kilts, Eva Valentine, and Arthur Middleton, the defendants-appellants, are beneficiaries under the will of May Hill. Soon after the death of May Hill, and before the appointment of her executor, B. J. Wood, defendant and appellee, was appointed special administrator of her estate. This special administrator took possession of the aforesaid property which May Hill had received from the estate of James W. Read, and which, together with accumulations thereon, was in her possession at the time of her death. After the death of May Hill, A. R. Frazier, the plaintiff and appellee, was appointed administrator de bonis non of the estate of James W. Read, deceased.

On September 15, 1931, thereafter, an action was commenced in equity in the district court of Harrison county by the plaintiffs and appellees, A. R. Frazier, as administrator de bonis non of the estate of J. W. Read, deceased, James W. Read, and Mattie Frazier, against the special administrator and the executor of, and beneficiaries under, the will of May Hill, above named, to obtain possession of the said property held by May Hill during her lifetime, on the theory that she had a life interest therein only, and therefore at her death her interest ceased and the property reverted to certain heirs named in the will of James W. Read, deceased; whereupon W. N. Graves, executor of the estate of May Hill, deceased, and her beneficiaries, as defendants and appellants, attacked the petition of the plaintiffs and appellees by a motion to dismiss. That motion was overruled, and later the appellants answered to the petition. Then the appellees attacked the appellants' answer by motion. Such motion contained two divisions: First, a motion to strike the answer; and, second, a motion for judgment on the pleadings. When the appellees' motion was presented to the district court, it overruled the same. Thereafter the appellants and the appellees appealed from the respective adverse rulings.

For convenience, consideration will first be given to the appellants' motion.

I. The appellants did not stand on their motion to dismiss, nor did they suffer judgment to be entered against them, but, on the contrary, they filed an answer after their motion was overruled. Consequently it is contended by the appellees that the ruling from which the appellants purport to appeal is not an appealable order.

It is contended by the appellants, on the other hand, that this court in Dorman v. Credit Reference & Reporting Company, 213 Iowa 1016, 241 N. W. 436, held that, in order to appeal from a motion to dismiss in an equity case, it is not necessary that the appellant stand on his motion or suffer judgment to be entered against him. A reading of the Dorman case will reveal the fact that the appellants are mistaken about the holding there made. In the Dorman case the discussion related to a motion for a more specific statement and a motion to strike, which did not amount, under the circumstances, to a demurrer. Whatever was said in the Dorman case, therefore, had to do with such motion to strike and such motion for a more specific statement. There is clearly pointed out in the

Dorman case a distinction between the motions there considered and a demurrer in a law case, or a motion to dismiss in an equity case. For instance, on page 1022 (of 213 Iowa, 241 N. W. 436, 439), there is this statement:

"*It has always been the rule* that no appeal will lie from the ruling of the court on a demurrer unless the party whose pleading is challenged has elected to *stand thereon and permit judgment to be entered against him.* The *same rule* exists under recent statutes which provide for a motion to *dismiss in equity* cases in lieu of a demurrer." (The italics are ours.)

The reason for the distinction between the demurrer or a motion to dismiss, on the one hand, and that of a motion for a more specific statement or a motion to strike, on the other, is self-evident. A motion to strike a portion of a pleading, or a motion for a more specific statement, contemplates a trial on the facts as well as on the legal issues involved, and is made for the purpose of enabling the parties to more scientifically and adequately present their cause for trial. While, on the other hand, a demurrer in a law action or a motion to dismiss in an equity action does not contemplate a trial on the facts but is filed for the purpose of avoiding such trial and disposing of the controversy on the legal issues only.

Clearly, therefore, the Dorman case (213 Iowa 1016, 241 N. W. 436), supra, is not authority for the proposition that a party appealing from a ruling on a demurrer in a law case or a motion to dismiss in an equity case need not stand on his motion or demurrer, or suffer judgment to be entered against him before appealing. On the other hand, it is plainly suggested by the Dorman case that an appeal cannot be taken from a demurrer in a law case or a motion to dismiss in an equity case unless the party appealing stands on the demurrer or motion, or suffers judgment to be entered against him. See Dorman v. Credit Reference & Reporting Company et al. (213 Iowa 1016), supra, local citation 1022, 241 N. W. 436. This has been the law in this state for many years.

Section 12823 of the 1931 Code provides:

"An appeal may also be taken to the supreme court from: * * * 3. An order which * * * sustains or overrules a demurrer in a law action; or sustains or overrules a motion to dismiss in an equitable action."

The language relating to an appeal from an order overruling or sustaining a demurrer is identical with the language relating to an appeal from an order sustaining or overruling a motion to dismiss. Obviously the legislature, in expressing its intention, used the same language authorizing an appeal from a ruling on the demurrer as it did in authorizing an appeal from a ruling on the motion to dismiss. So far as the language of the legislature is concerned, then, it is obvious that its intent was to authorize an appeal from a ruling on a motion to dismiss on the same basis that it authorized an appeal from a ruling on a demurrer. In Morrison v. Carroll Clinic et al., 204 Iowa 54, reading on page 55, 214 N. W. 705, we said:

"It is conceded, and properly so, that the motion to dismiss was the same, in effect, as a demurrer to the answer at law, or under former practice in equity."

From an early day until the present time, it consistently has been held by this court that an appeal will not lie from a ruling on a demurrer unless the appellant stands on the demurrer or suffers judgment to be entered against him. Wilcox v. McCune, 21 Iowa 294; Cowen v. Boone et al., 48 Iowa 350; Hampton v. Jones et al., 58 Iowa 317, 12 N. W. 276; Seippel v. Blake, 80 Iowa 142, 41 N. W. 199, 45 N. W. 728; Thorpe Brothers & Co. v. Smith, 86 Iowa 410, 53 N. W. 274; Roddy v. Gazette Co., 163 Iowa 416, 144 N. W. 1009; Greeson v. Greeson, 185 Iowa 1096, 171 N. W. 601; Hansen v. Independent School District, 193 Iowa 417, 186 N. W. 922, 21 A. L. R. 260; Hanson v. Carl, 201 Iowa 521, 207 N. W. 579; Morrison v. Carrol Clinic et al., (204 Iowa 54, 214 N. W. 705), supra; Neese v. Furry, 209 Iowa 854, 227 N. W. 510; Porterfield v. Grand Lodge, A. O. U. W., 212 Iowa 1181, 236 N. W. 381; Dorman v. Credit Reference & Reporting Co. (213 Iowa 1016, 241 N. W. 436), supra.

Consequently there is no doubt concerning the meaning of the statute, above quoted, so far as it relates to a demurrer. As suggested before, the language of the statute in relation to a motion to dismiss in equity is identical with that having to do with a demurrer at law. Undoubtedly, as before indicated, it is necessary for appellants to stand on their motion to dismiss the same as they must stand on a demurrer when they appeal from a ruling on demurrer. Morrison v. Carroll Clinic et al., (204 Iowa 54, 214 N. W.

705), supra; Benjamin v. Jackson, 207 Iowa 581, 223 N. W. 383; Hawthorne v. Andrew, Receiver, 208 Iowa 1364, 227 N. W. 402. During our discussion in the Hawthorne case, we said, reading on page 1366 of 208 Iowa, 227 N. W. 402, 403:

"It has been the repeated pronouncements of this court that an appeal will not lie from a ruling on a demurrer or *motion to dismiss,* unless the defeated party has done one of two things, to wit: (1) Elected to stand on his pleading, or (2) suffered final judgment to be entered against him. * * * Since the plaintiffs did not elect to stand upon their pleading, and since no final judgment has been rendered against them, their attempted appeal is without avail and the same is hereby dismissed." (The italics are ours.)

Not only did the appellants refuse to permit judgment to be entered against them after their motion was overruled, but also they failed upon that occasion to stand on their pleadings, as is evidenced by the record, including the fact that they answered after their motion was overruled. The fact that the appellants thus answered has an additional significance under the circumstances. An answer, under these circumstances, it has been held by this court, amounts to a waiver of the right to appeal directly from the ruling on the demurrer or motion to dismiss. Iowa-Minnesota Land Company v. Conner, 136 Iowa 674, 112 N. W. 820; Frum v. Keeney, 109 Iowa 393, 80 N. W. 507; Marshall Ice Co. v. La Plant, 136 Iowa 621, 111 N. W. 1016, 12 L. R. A. (N. S.) 1073.

Manifestly, therefore, the order from which the appellant attempted to appeal is not an appealable order because the appellants did not stand upon their motion or suffer judgment to be entered against them. So the appellants' appeal must be, and is, dismissed.

II. There is left for consideration, then, the question relating to the appellees' cross-appeal. In their cross-appeal, the appellees move to strike the appellants' answer, and in the alternative ask for judgment on the pleadings. The motion to strike apparently has been abandoned, because in the statement of the issues and in the argument the appellees rely solely on their motion for judgment on the pleadings. Hence we consider the motion to strike as having been abandoned.

Our attention therefore will be directed only to the motion for judgment on the pleadings. During the oral argument, the appellees, in effect, indicated that their appeal from the ruling of the district

court denying a request for judgment on the pleadings is not well founded. It is apparent from the record that the appellees did not stand on their motion and suffer judgment to be entered against them. So far as indicated by the record, there is no final judgment against the appellees.

Concerning the question here presented, we said in Fairmont Creamery Co. v. Darger, 178 Iowa 732, reading on page 734, 160 N. W. 239, 240:

"Had the motion for judgment on the pleadings been sustained, an appeal might have been taken from the judgment, under section 4100 of the Code [of 1897]. * * * It was overruled, and appellants concede that the order so doing only may be adjudged appealable on the theory that the motion be construed as equivalent to a demurrer. The trouble with this is that a demurrer is directed at a pleading, as the petition, answer, or reply and not to the issues joined by the several pleadings. * * * Counsel might have withdrawn the answer, having obtained leave, and then have interposed the demurrer; but our system of pleading does not allow a party to answer on the merits and demur to the petition at the same time. Nor does it permit a *demurrer to the issues*, as was undertaken in this case. For these reasons, the motion may not be construed as in the nature of demurrer, and the order was not appealable." (Italics are ours.)

Since the Fairmont case, this court consistently has followed the rule there adopted. Benson v. Chas. Weitz' Sons, 208 Iowa 397, local citation 400, 224 N. W. 592; Morrison v. Carroll Clinic (204 Iowa 54), supra, local citation 56, 214 N. W. 705. As a result of our previous holdings, therefore, it is apparent that the appellees cannot sustain their attempted appeal. The appellees' appeal is therefore dismissed.

Wherefore, the appellants' appeal and the appellees' appeal are both dismissed.—Both appeals are dismissed.

All Justices concur.