Leo Besch et al., Petitioners, Appellants, v. Glenn Haynes, Respondent, Appellee.

No. 43637.

November 23, 1937.

John L. Sloane, for appellants.

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, and John Hammill, for appellee.

Kintzinger, J.—We are first confronted with a motion to dismiss the appeal. In discussing this motion, it may be well to first refer to the criminal charges upon which the petitioners were committed to the state penitentiary.

On May 14, 1934, appellants were charged with the crime of robbery with aggravation in Hancock County, Iowa. The appellants in that action first filed a plea of not guilty. Thereafter on May 18, 1934, each withdrew his plea of not guilty and filed demurrers to the county attorney's information. The demurrers were overruled, and the defendants refused to make a further plea. Thereafter on June 29, 1934, the court entered the following judgment against each defendant:

"The defendants refused to plead over and the Court, under the authority of section 13798, finds the defendants both guilty as charged, and defendants duly excepted."

On July 3, 1934, the court sentenced both defendants to imprisonment at Ft. Madison for a period not exceeding twenty-five years. No appeal was ever taken from the judgment and sentence of the court.

Section 13798 of the Code provides as follows:

"If the demurrer is overruled, the defendant has a right to plead to the indictment; if he fails to do so, final judgment may be rendered against him on the demurrer, and, if necessary, a jury may be impaneled to inquire and ascertain the degree of the offense."

The present habeas corpus action is based upon the alleged invalidity of the court's sentence in the criminal action upon the ground that defendants were denied the right of trial by jury, and that the action of the court in sentencing them to the penitentiary was therefore without jurisdiction and void.

Appellee demurred to the habeas corpus petition because the allegations thereof do not entitle petitioners to the relief demanded for several reasons, among which are, that the court acted within its jurisdiction, and that the petition on its face shows that no appeal or writ of error was ever taken from the judgment of the court in the criminal action. It is unnecessary to set out these reasons in detail, but it is sufficient to say that the court sustained appellee's demurrer in the following language:

"It Is Therefore Ordered and Adjudged that the demurrers filed in both cases * * * are fully sustained by the Court. To which ruling the petitioners duly except."

The record shows without dispute, (1) that appellants refused to plead over and did not elect to stand upon their pleadings, or (2) suffer final judgment to be entered against them dismissing their petition, or annulling the writ of habeas corpus.

The appellee has filed a motion in this court asking that appellants' appeal be dismissed because (1) there was no election by them to stand upon their pleadings, or (2) suffer final judgment to be entered against them.

The first question to be determined in this case, therefore, is whether or not an appeal can be taken from an order of the lower court sustaining a demurrer to plaintiff's petition where the petitioners have not elected to stand upon their pleadings after a ruling against them on the demurrers, or where they have not suffered final judgment to be entered against them in the action. The rule announced in numerous Iowa cases on this question is clearly set out by the late Justice Evans in Devoe v. Dusey, 205 Iowa 1262, 217 N. W. 625, where this court says:

"There was no election by the defendant to stand upon his pleading. Nor was any judgment entered against him. His appeal was, therefore, premature. We have held repeatedly that a party may not appeal from an adverse ruling on a demurrer unless he elects to stand upon his pleading or suffers judgment for want of pleading or of amendment to his pleading. * * * The reason for such a rule is manifest. A ruling on a demurrer adjudicates nothing, except upon the election of the defeated party to stand upon his pleading. To allow an appeal from a mere ruling by the trial court in settling the issues would open the door to endless appeals to this court from rulings that lack finality."

The cases upon this subject are fully discussed and reviewed in Hansen v. Independent School District, 193 Iowa 417, 422, 186 N. W. 922, 924, 21 A. L. R. 260, in an able opinion written by the late Justice Evans, wherein the court said:

"True it is, as contended by appellant, that, if plaintiff goes to trial or pleads over, he waives his demurrer and his right to complain of the ruling thereon; and if he stakes his case upon the demurrer, in order to take the appeal, he waives the right to a trial on the facts. This is not so great a hardship as the appellant would make it. A ruling on a demurrer in and of itself settles nothing. It becomes an adjudication only if the defeated party chooses to make it such. He makes it such by standing upon his pleading. He has an equal right to choose to try his case upon its full merits, both of fact and of law. Though he thereby waives his demurrer and his right to appeal from an adverse ruling, yet he waives no legal right affecting the merits of his case. Whatever legal argument was involved in his demurrer is still available to him. The trial court which

ruled adversely to him is not precluded from changing its views, upon the final submission of the case upon its merits. If, therefore, the complaining party is not willing to stake his case upon his demurrer, an appeal thereon would become merely a dilatory process. A ruling by us in such a case, like a ruling by the trial court, would settle nothing, if the appellant still had the right to a trial below upon the facts, and to dispute there the allegations which he has admitted by his demurrer. * * * It is, therefore, in the interest of speedy litigation and of effective appellate procedure that the rule in such case should be just what it is.''

Such is also the rule announced in the following cases: Wilcox v. McCune, 21 Iowa 294; Thorpe Bros. & Co. v. Smith, 86 Iowa 410, 53 N. W. 274; Roddy v. Gazette Co., 163 Iowa 416, 144 N. W. 1009; Western Securities Co. v. Atlee, 168 Iowa 650, 151 N. W. 56; Greeson v. Greeson, 185 Iowa 1096, 171 N. W. 601; Porterfield v. A. O. U. W., 212 Iowa 1181, 236 N. W. 381; Neese v. Furry, 209 Iowa 854, 227 N. W. 510; Schultz v. Consolidated Independent School District, 200 Iowa 293, 296, 204 N. W. 281; State ex rel. Ackerly v. Shepherd, 202 Iowa 437, 210 N. W. 476; Morrison v. Carroll Clinic, 204 Iowa 54, 214 N. W. 705; Frazier v. Wood, 215 Iowa 1202, 247 N. W. 618; Frazier v. Wood, 219 Iowa 36, 255 N. W. 647; Hawthorne v. Andrew, 208 Iowa 1364, 227 N. W. 402.

It may be that the ruling of the lower court in sustaining a demurrer may be appealed from, but, as shown by the cases herinabove cited, the appeal can only be taken in the event that the appellant (1) elects to stand upon his pleadings, or (2) suffers judgment to be entered against him in the lower court.

In Porterfield v. A. O. U. W., 212 Iowa 1181, 1183, 236 N. W. 381, 382, we said:

''It is a well-established rule that jurisdiction cannot be conferred upon this court by appearance or consent. In case of a ruling on a demurrer, it must affirmatively appear, not only that there was an exception to the ruling, but likewise an election to stand on the demurrer or a judgment following, or there is nothing properly before us for consideration.''

So also in Hawthorne v. Andrew, 208 Iowa 1364, 1366, 227 N. W. 402, 403, we said:

"It has been the repeated pronouncement of this court that an appeal will not lie from a ruling on a demurrer or motion to dismiss unless the defeated party has done one of two things, to wit: (1) elected to stand on his pleadings, or (2) suffered final judgment to be entered against him."

The record before us in the instant case comes squarely within the rule so announced and repeatedly adhered to by this court, and a further discussion thereof is deemed unnecessary here.

The record shows without dispute that appellants did not elect either to (1) stand upon their pleadings, or (2) suffer judgment to be entered against them. We are satisfied with the rule announced in the cases hereinabove cited and adhere thereto.

We are therefore constrained to hold that appellee's motion to dismiss the appeal should be sustained. It is, therefore, unnecessary to consider other questions raised on the appeal. The appeal must be and is, therefore, dismissed.—Appeal dismissed.

HAMILTON, C. J., and MITCHELL, ANDERSON, DONEGAN, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.